UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIANE YOUNG, individually,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>THE STANDARD FIRE INSURANCE COMPANY, a foreign insurance company,<br><br>　　　　　Defendants. | No.  2:18-CV-31-RMP<br><br>FIRST AMENDED CLASS ACTION COMPLAINT |

Plaintiff, DIANE YOUNG, through her attorneys, JJ Thompson of Armitage & Thompson, PLLC, for her causes of action against Defendant herein and upon information and belief, complains and alleges as follows:

## I.　　PARTIES

1.　　Plaintiff, Diane Young, is and was at all times material hereto a citizen and resident of Spokane County, Washington.

2.　　Defendant, The Standard Fire Insurance Company, is a foreign insurance company authorized to conduct business of insurance within the State of Washington (hereinafter "Travelers Insurance").

FIRST AMENDED CLASS ACTION COMPLAINT - 1

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

## II.    JURISDICTION & VENUE

3.    Defendant Travelers Insurance transacts business in Spokane County, Washington, committed statutory violations and tortious acts in Spokane County, Washington, contracted for insurance with Plaintiff in Spokane County, Washington, and breached contractual obligations and duties in Spokane County, Washington.

4.    A substantial part of the acts giving rise to this complaint occurred in Spokane County, Washington.

5.    As such, this Court has subject matter jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  At least one Plaintiff and Defendant are citizens of different states, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and cost.

6.    This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d).

7.    This Court has personal jurisdiction over Defendants because they conduct significant business in this District and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

8.    This Court has pendant and supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's Complaint occurred in this District

## III.    FACTS

FIRST AMENDED CLASS ACTION COMPLAINT - 2



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

10.     Plaintiff, Diane Young, was insured under an automobile insurance policy issued by Defendant Travelers Insurance with Policy Number 996836467 203 1, providing her with full automobile insurance coverage from November 17, 2016 to May 17, 2017 (hereinafter the "Policy").

11.     A true and correct copy of the Declaration Page showing coverages afforded under the Policy is attached hereto as **EXHIBIT A.**

12.     On May 11, 2017, Diane was occupying and using her 2005 Honda Accord, which is a listed vehicle on the Policy, when a person driving a Toyota pickup crashed into the back of her 2005 Honda Accord (hereinafter the "Collision").

13.     Following the Collision, Diane began to experience pain throughout her body that was mostly focused in her neck, upper back, shoulders, chest mid back, low back, and left foot.

14.     Immediately prior to the Collision, Diane did not have any of the aforementioned pains.

15.     Diane sought treatment with her primary care provider as a result of the onset of the aforementioned pains and the severity of the pains.  She was diagnosed with injuries caused by the Collision and began treatment for her injuries.

16.     Diane reported the Collision to Travelers Insurance and made a claim for coverage under the Policy for Personal Injury Protection ("PIP") benefits.

17.     Among other things, PIP benefits are supposed to pay for the first three years of all reasonable and necessary expenses incurred by or on behalf of the insured for health care services because of injuries sustained as a result of an automobile accident until the coverage limit is exhausted.

FIRST AMENDED CLASS ACTION COMPLAINT - 3



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

18.    PIP benefits are also primary insurance to all other forms of insurance coverages that may pay for medical bills, such as a person's personal health insurance.

19.    Unlike many personal health insurance policies, PIP benefits are not limited by a predetermined amount of treatments (e.g., 10 massage therapy sessions per year).

20.    Unlike many personal health insurance policies, there are no copays or deductibles charged to the insured under PIP insurance.

21.    Unlike some personal health insurance policies, there are no preapprovals, pre-authorizations, or referrals that must be obtained when utilizing PIP insurance.

22.    At the time Diane purchased the Policy, Diane opted to pay a higher premium to have $35,000 in PIP coverage limits.  She could have chosen to waive PIP coverage benefits or opted for the minimum PIP coverage limit of $10,000.

23.    Diane has $35,000 in PIP coverage limits to pay for all reasonable and necessary medical expenses incurred by or on her behalf for injuries sustained as a result of the Collision.

24.    While Travelers Insurance initially accepted Diane's claim for PIP coverage as a result of the Collision, Travelers Insurance has not paid any PIP benefits for the treatment expenses Diane incurred after September 18, 2017.

25.    Travelers Insurance advised Diane that it was asserting a "Reservation of Rights" with regard to all treatments submitted after September 18, 2017, because it wanted to investigate Plaintiff's prior health conditions.

26.    Travelers Insurance also advised Plaintiff that it would be withholding payment of PIP benefits until she submitted to a physical examination with a physician of Travelers Insurance's choosing.  Travelers Insurance indicated this would be an "Independent Medical Examination" referred to as an "IME."  Unfortunately, and to Diane's detriment, Travelers

FIRST AMENDED CLASS ACTION COMPLAINT - 4

Insurance refused to schedule the "IME" until Travelers Insurance obtained all of Plaintiff's prior treatment records.

27.     A true and correct copy of a letter sent by Travelers Insurance adjuster, James Olsen, to Plaintiff's counsel, dated November 8, 2017, is attached hereto as **EXHIBIT B** and incorporated herein by reference.

28.     At the time Travelers notified Diane that it would withhold payment of PIP benefits, it failed to provide her with a letter other form of notice as required by WAC 284-30-395 informing her of the "true and actual reason for its action as provided to the insurer by the medical or health care professional with whom the insurer consulted . . ."  On information and belief, Travelers regularly and systematically withholds payments of PIP benefits to its Washington State insureds without first providing the notice required by WAC 284-30-395 and/or pending a physical examination.

29.     Moreover, obtaining medical records can take several months -- Travelers Insurance was certainly aware, given the nature of its business, there would be delays associated with obtaining medical records.

30.     Scheduling a physical exam can also take time depending on schedules and availability of appropriate health care professionals.  Travelers Insurance was certainly aware, given the nature of its business, there would be delays associated with scheduling an actual physical exam.

31.     Furthermore, Travelers Insurance just recently requested Plaintiff submit to multiple physical examinations to include examination by a physiatrist, a chiropractor, and an acupuncturist.  Again, Travelers Insurance was certainly aware, given the nature of its business,

FIRST AMENDED CLASS ACTION COMPLAINT - 5



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

there would be significant delays associated with scheduling multiple exams of this nature or a panel exam to include all of these health care professionals.

32.    Travelers Insurance was aware of Plaintiff's treating health care providers because the treating health care providers were submitting billing and supporting medical records to Travelers Insurance for payment under Plaintiff's PIP coverage.

33.    Notably, Travelers Insurance knew of Plaintiff's preexisting health condition at least as of the date that Plaintiff gave a recorded statement to Travelers Insurance on May 17, 2017. However, Travelers Insurance did not seek to obtain Plaintiff's prior medical records regarding her prior health conditions until it decided it was going to withhold payment of PIP benefits.

34.    Since September 18, 2017, Travelers Insurance has withheld payment of all medical bills submitted to Travelers Insurance for payment under Diane's PIP coverage.

35.

36.    Travelers Insurance has continued to refuse to pay properly submitted medical bills that are documented to be reasonable, necessary, and related to the Collision.

37.    Travelers Insurance has continued to assert that it is handling Plaintiff's claims for PIP benefits under a "Reservation of Rights," pointing to Plaintiff's prior health conditions as something it is investigating.  However, Travelers Insurance has not exercised the heightened duties required of it when handling a claim under a Reservation of Rights.

38.    Travelers Insurance has also continued to send Explanation of Benefits ("EOB's") documents to the medical providers who submit bills to Travelers Insurance, which do not provide for any payment after September 18, 2017.   Among other things, these EOB's state: "IF YOUR OFFICE DISAGREES WITH THE DISPOSITION TAKEN, PLEASE PROVIDE US WITH A FURTHER EXPLANATION, INCLUDING ANY ADDITIONAL INFORMATION."   These

FIRST AMENDED CLASS ACTION COMPLAINT - 6

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

EOB's also state: "IME HAS BEEN REQUESTED.  PAYMENT CONSIDERED AFTER EXAMINATION."

39.    It is presumed that Plaintiff's treating medical providers would not bill Travelers Insurance under Plaintiff's PIP claim unless the treatments were in fact, in their opinions, reasonable, necessary, and related to the Collision.  This has been confirmed by Plaintiff's chiropractor and physiatrist by way of letters provided to Travelers Insurance.

40.    On December 28, 2017, Defendant Travelers Insurance was provided with a letter from Plaintiff's treating chiropractor, dated December 21, 2017, indicating that the treatments they billed to Travelers Insurance were reasonable, necessary, and related to treatment of injuries caused by the Collision.  Despite this letter, Travelers Insurance has refused to reconsider its position and has continued to withhold payment of PIP benefits pending a future physical examination of Plaintiff.

41.    On January 8, 2018, Travelers Insurance was provided a letter from Plaintiff's treating physiatrist, dated January 8, 2018, indicating that the treatments they billed to Travelers Insurance were reasonable, necessary, and related to treatment of injuries caused by the Collision. Despite this letter, Travelers Insurance has refused to reconsider its position and has continued to withhold payment of PIP benefits pending a future physical examination of Plaintiff.

42.    Notably, both of the aforementioned letters from Plaintiff's treating providers were from facilities where Plaintiff treated prior to the Collision.  That is, the providers were aware and knowledgeable of Plaintiff's health condition prior to the Collision.

43.    Plaintiff has continued to cooperate in the scheduling requests by Travelers Insurance for her to undergo physical examinations; however, at the time of filing the first Complaint in this lawsuit, Plaintiff had still not been confirmed to actually undergo any physical

FIRST AMENDED CLASS ACTION COMPLAINT - 7

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

examinations.  Though, Travelers Insurance indicated that it had a date for examination with a chiropractor.

44.    As of the time of filing of the first Complaint in this lawsuit, Travelers Insurance had not provided Plaintiff with a written statement or documentation that indicated Travelers Insurance consulted with any medical or health care professional to support denial, limitation, or termination of medical and hospital services under Plaintiff's PIP coverage.

45.    Subsequent to filing of the first Complaint in this lawsuit, Plaintiff underwent a physical examination with James Snyder, DC on January 21, 2018 at the request of Travelers Insurance for her to submit to a physical examination pursuant to the terms of her Policy.

46.    On February 20, 2018, Plaintiff's counsel, JJ Thompson, received a certified letter from Travelers Insurance's adjuster, Esther Bell, dated February 16, 2018, indicating Travelers Insurance consulted with Melissa Minoff, ND, Lee Robertson, DO, and James Snyder, DC, and Travelers Insurance was now denying previously incurred medical bills for chiropractic treatment, massage therapy, and physical therapy for all dates of service after September 18, 2017.  The letter further indicated that all acupuncture treatments beyond December 4, 2017 were now being denied. While the letter indicated that physician reports were enclosed, no reports were in fact enclosed. The letter also made no reference to denying payment for treatment that Plaintiff underwent with a Physiatrist, but those treatment bills remain unpaid by Travelers Insurance.

47.    On February 22, 2018, Travelers Insurance's attorney, Galina Jakobson, emailed Plaintiff's counsel, JJ Thompson, copies of a report signed by both Melissa Minoff, ND and Lee Robertson, DO, as well as a report dated January 22, 2018 signed by James Snyder, DC.

48.    Travelers Insurance is currently denying Plaintiff's claims for PIP benefits.

49.    Travelers Insurance is currently limiting Plaintiff's claims for PIP benefits.

FIRST AMENDED CLASS ACTION COMPLAINT - 8

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

50.     For all intents and purposes, Travelers Insurance has terminated Plaintiff's PIP coverage.

51.     As a result of Travelers Insurance's wrongful failure to pay PIP benefits for the medical expenses Diane has incurred after September 18, 2017 and other wrongful acts, Diane suffered economic harm and noneconomic harm.

### IV.    <u>WASHINGTON ADMINISTRATIVE CODE (WAC) PROVISIONS</u>

52.     WAC 284-30-330 defines specific unfair claims practices, including without limitation the following:

    **a.** WAC 284-30-330(1) prohibits insurance companies from misrepresenting pertinent facts or insurance policy provisions.

    **b.** WAC 284-30-330(2) prohibits insurance companies from failing to acknowledge and act reasonably and promptly upon communications with respect to claims arising under insurance policies.

    **c.** WAC 284-30-330(3) prohibits insurance companies from failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

    **d.** WAC 284-30-330(4) prohibits insurance companies from refusing to pay claims without conducting a reasonable investigation.

    **e.** WAC 284-30-330(5) prohibits insurance companies from failing to affirm or deny coverage of claims within a reasonable time after fully completed proof of loss documentation has been submitted.

FIRST AMENDED CLASS ACTION COMPLAINT - 9



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

**f.** WAC 284-30-330(6) prohibits insurance companies from not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

**g.** WAC 284-30-330(7) prohibits insurance companies from compelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings.

**h.** WAC 284-30-330(8) prohibits insurance companies from attempting to settle a claim for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application.

**i.** WAC 284-30-330(11) prohibits insurance companies from delaying the investigation or payment of claims by requiring a first party claimant or his or her physician to submit a preliminary claim report and then requiring subsequent submissions which contain substantially the same information.

**j.** WAC 284-30-330(12) prohibits insurance companies from failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

**k.** WAC 284-30-330(13) prohibits insurance companies from failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

FIRST AMENDED CLASS ACTION COMPLAINT - 10



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

**l.** WAC 284-30-330(16) prohibits insurance companies from failing to adopt and implement reasonable standards for the processing and payment of claims after the obligation to pay has been established.

53.    WAC 284-30-350 sets forth requirements prohibiting insurance companies from misrepresenting policy provisions.

54.    WAC 284-30-360 requires insurance companies to timely acknowledge pertinent communications.  Its requirements include:

**a.** WAC 284-30-360(1) requires every insurer to acknowledge receipt of a claim within 10 days.

**b.** WAC 284-30-360(3) requires that an insurer make an appropriate reply within 10 days of any pertinent communications from a claimant.

**c.** WAC 284-30-360(4) requires that every insurer provide reasonable assistance so the first party claimants can comply with policy conditions and the insurer's reasonable requirements.

55.    WAC 284-30-370 requires that every insurer shall complete its investigation into a claim within 30 days of the notice of the claim.

56.    WAC 284-30-380 requires insurance companies to timely accept or deny claims and regulates the communication of a denial.  Its requirements include:

**a.** WAC 284-30-380(1) requires that within fifteen working days after receipt by the insurer of properly executed proofs of loss, the first party claimant shall be advised of the acceptance or denial of the claim by the insurer.  No insurer shall deny a claim on the grounds of a specific policy provision, condition, or exclusion unless reference to such provision, condition, or exclusion is included in the denial.  The

FIRST AMENDED CLASS ACTION COMPLAINT - 11

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

denial must be given to the claimant in writing and the claim file of the insurer shall contain a copy of the denial.

**b.** WAC 284-30-380(3) requires that if the insurer needs more time to determine whether a first party claim should be accepted or denied, it shall so notify the first party claimant within fifteen working days after receipt of the proofs of loss giving the reasons more time is needed. If the investigation remains incomplete, the insurer shall, within forty-five days from the date of the initial notification and no later than every thirty days thereafter, send to such claimant a letter setting forth the reasons additional time is needed for investigation.

57. WAC 284-30-395 regulates insurance companies handling of PIP claims. Its requirements include:

**a.** WAC 284-30-395(1) prohibits the insurer from denying, limiting, or terminating medical and hospital services under an insured's PIP coverage unless the treatment is not reasonable, not necessary, no relate do the accident, or not incurred within three years of the automobile accident.

**b.** WAC 284-30-395(2) requires the insurer shall provide the insured with a written explanation that describes the reasons for its decision to denial, termination, or limitation of medical and hospital services under the insured's PIP coverage, including any copies of pertinent documents if requested, and the written explanation shall include the true and actual reason for its action as provided to the insurer by the medical or health care professional with whom the insurer consulted in clear and simple language, so that the insured will not need to resort to additional

FIRST AMENDED CLASS ACTION COMPLAINT - 12



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

research to understand the reason for the action. A simple statement, for example, that the services are "not reasonable or necessary" is insufficient.

c. WAC 284-30-395 further provides that any health care professionals with whom the insurer consults regarding its decision to deny, limit, or terminate an insured's medical and hospital benefits shall be currently licensed, certified, or registered to practice in the same health field or specialty as the health care professional that treated the insured.

58.     Defendants and their agents have violated both the letter and the spirit of the Washington administrative and statutory laws governing insurance practices.

## V.     CLASS ALLEGATIONS

59.     Plaintiff brings this action on behalf of herself and the class pursuant to Fed. R. Civ. Pr. 23.

60.     **Class Definition:**  Plaintiff proposes the following class definitions:

a.     **Damages Class** – Subjected to Travelers' wrongful withholding of PIP benefits. All persons in the State of Washington who: (1) were insured by Travelers; (2) paid premiums for PIP coverage by Travelers; (3) submitted PIP claims to travelers for payment; and (4) from whom Travelers wrongfully withheld payment of PIP benefits without first providing notice fully compliant with WAC 284-30-395 and/or pending a physical examination.

b.     **Declaratory Relief Class –** Subjected to Travelers' wrongful withholding of PIP benefits.  All persons in the State of Washington who: (1) were insured by Travelers; (2) paid premiums for PIP coverage by Travelers; (3) submitted PIP claims to travelers for payment; and (4) from whom Travelers wrongfully withheld payment of PIP benefits without first providing notice fully compliant with WAC 284-30-395 and/or pending a physical examination.

FIRST AMENDED CLASS ACTION COMPLAINT - 13

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

c.    **Injunctive Relief Class** – Subjected to Travelers' wrongful withholding of PIP benefits.  All persons in the State of Washington who: (1) were insured by Travelers; (2) paid premiums for PIP coverage by Travelers; (3) submitted PIP claims to travelers for payment; and (4) from whom Travelers wrongfully withheld payment of PIP benefits without first providing notice fully compliant with WAC 284-30-395 and/or pending a physical examination.

61.    Excluded from the Classes are individuals who have personal injury claims resulting from Travelers' wrongful withholding of PIP benefits. Also excluded from the Classes are Defendant and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Classes; governmental entities; and the judge to whom this case is assigned and his/her immediate family. Plaintiff reserved the right to revise the Class definitions based upon information learned through discovery, as ordered by the Court, or as otherwise required by the course of the litigation.

62.    **Numerosity:**  Plaintiff's proposed classes, as defined by CR 23(b), consist of, on information and belief and at a minimum, at least forty or more persons who were insured by Travelers, paid insurance premiums for PIP coverage, and from whom Travelers wrongful withheld PIP benefits.  As such, the class is so numerous that joinder of all members is impractical.

63.    **Typicality:**  Plaintiff's claims and/or defenses are typical of the claims and/or defenses of the class in that the other class members have suffered and will continue to suffer injury, damages, and harm due to Travelers' delayed payment or complete failure to pay PIP benefits.

64.    **Named Class Members Identifiable.**  Class members can be identified, upon information and belief, through Traveler's records regarding its insureds and/or information in Traveler's custody, possession, or control concerning its withholding of PIP benefits to insureds.

FIRST AMENDED CLASS ACTION COMPLAINT - 14

65.    **Adequacy of Representation:**  Plaintiff will fairly and adequately protect the class because (1) Plaintiff has retained counsel that is competent and experienced in the prosecution of such litigation, (2) Plaintiff and her counsel are aware of no conflicts of interest between Plaintiff and absent class members or otherwise; and (3) Plaintiff is knowledgeable concerning the subject matter of this action and will assist counsel in the prosecution of this litigation.

66.    This lawsuit involves questions of law and fact that are common to the class.

67.    **Common Questions of Law and Fact:**   Questions of law and fact which are common to the class with respect to the claims against Travelers predominate over any individual questions.  Without limitation, such questions of law and fact include:

a.    Whether Travelers wrongfully withheld or retroactively denied PIP benefits from its Washington insureds without first sending notice required by and fully compliant with WAC 284-30-395?

b.    Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits in violation of WAC 284-30-395 violated WAC 284-30-330(1)-(8), (11)-(13), or (16)?

c.    Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits contingent on an IME violated WAC 284-30-330(1)-(8), (11)-(13), or (16)?

d.    Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits in violation of WAC 284-30-395 violated WAC 284-30-350?

e.    Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits contingent on an IME violated WAC 284-30-350?

f.    Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits in violation of WAC 284-30-395 violated WAC 284-30-360(1), (3), or (4)?

g.    Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits contingent on an IME violated WAC 284-30-360(1), (3), or (4)?

h.    Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits in violation of WAC 284-30-395 violated WAC 284-30-370?

FIRST AMENDED CLASS ACTION COMPLAINT - 15

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

**i.** Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits contingent on an IME violated WAC 284-30-370?

**j.** Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits in violation of WAC 284-30-395 violated WAC 284-30-380(1) or (3)?

**k.** Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits contingent on an IME violated WAC 284-30-380(1) or (3)?

**l.** Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits in violation of WAC 284-30-395 violated WAC 284-30-395?

**m.** Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits contingent on an IME violated WAC 284-30-395?

**n.** Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits in violation of WAC 284-30-395 violated chapter 19.86 RCW, the Washington Consumer Protection Act?

**o.** Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits contingent on an IME violated chapter 19.86 RCW, the Washington Consumer Protection Act?

**p.** Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits in violation of WAC 284-30-395 violated chapter 48.30 RCW, the Insurance Fair Conduct Act?

**q.** Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits contingent on an IME violated chapter 48.30 RCW, the Insurance Fair Conduct Act?

**r.** Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits in violation of WAC 284-30-395 constituted insurance bad faith?

**s.** Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits contingent on an IME constituted insurance bad faith?

**t.** Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits in violation of WAC 284-30-395 constituted breach of contract?

**u.** Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits contingent on an IME constituted breach of contract?

FIRST AMENDED CLASS ACTION COMPLAINT - 16



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

1

2

    **v.**  Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits in violation of WAC 284-30-395 constituted negligence?

3

    **w.**  Whether Travelers' practice of wrongfully withholding or retroactively denying PIP benefits contingent on an IME constituted negligence?

4

5

    **x.**  Whether Travelers' practice of employing persons not properly trained and licensed for the investigation of insurance claims violated chapter 48.17 RCW and the above-listed WAC provisions?

6

7

    68.    There is a community of interest among the class members in obtaining appropriate compensatory damages and injunctive and declaratory relief.

8

9

    69.    **Superiority:** A class action provides a fair and efficient method for adjudicating

10

this controversy and is superior to the other methods of adjudication in that (1) neither the size of

11

the class, nor any other factor, make it likely that difficulties will be encountered in the

12

management of this action as a class action; (2) the prosecution of separate actions by individual

13

class members, or the individual joinders of all class members in this action is impracticable and

14

would create a massive and unnecessary burden on the resources of courts and could result in

15

inconsistent adjudications, while a single class action can determine, with judicial economy, the

16

rights of each member of the class, (3) because of the disparity of resources available to defendants

17

versus those available to individual class members, prosecution of separate actions would work a

18

financial hardship on many class members and (4) the conduct of this action as a class action

19

conserves the resources of the parties and the court system and protects the rights of each member

20

of the class and meets all due process requirements as to fairness to all parties. A class action is

21

also superior to maintenance of these claims on a claim by claim basis when all actions arise out

22

23

of the same circumstances and course of conduct.

24

    70.    **Individual Prosecution Unlikely and Unreasonable.** Plaintiff and her counsel

25

are not aware of any interest that members of the classes would have in individually controlling

FIRST AMENDED CLASS ACTION COMPLAINT - 17

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

the prosecution of separate actions, especially given the size of each individual claim, and the cost, expense and difficulty of litigating against defendants. Plaintiffs and their counsel are also not aware of any actions already commenced on behalf of the class members alleging similar claims or seeking similar relief. Given the similar nature of the class members' claims and the absence of material differences in the state statutes and common law doctrine upon which the class members' claims are based, a class action could and should be managed by this court. A significant economy of scale exists in concentrating the litigation in this forum.

71.     The proposed classes fulfill the certification criteria of Rule 23(a), and certification of the above defined class is appropriate under the provision of Rule 23(b).

## VI.     VIOLATION OF WAC PROVISIONS AND STATUTE

72.     Plaintiff realleges the paragraphs above and below.

RCW 48.17 *et seq.* requires that insurance companies employ properly trained and licensed persons for the investigation of insurance claims. Defendant Travelers Insurance violated each of the WAC provisions referenced above and RCW 48.17 to the detriment of Plaintiff and all other Washington insureds similarly situated.

## VII.     VIOLATION OF THE CONSUMER PROTECTION ACT

73.     Plaintiff realleges the paragraphs above and below.

74.     Defendant Travelers Insurance's practice of withholding or retroactively denying PIP benefits to insureds without providing notice fully compliant with WAC 284-30-395 and/or pending a future physical examination is an unfair or deceptive practice occurring in trade or commerce, affecting the public interest, and causing injury to the business or property of Plaintiff and all others similarly situated.

FIRST AMENDED CLASS ACTION COMPLAINT - 18



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

75.     The acts and/or omissions of Defendant Travelers Insurance as alleged in this Complaint violated the Washington Consumer Protection Act, RCW 19.86 *et seq.* to the detriment of Plaintiff and all others similarly situated.

## VIII.   BREACH OF CONTRACT

76.     Plaintiff realleges the paragraphs above and below.

77.     The acts and/or omissions of Defendant Travelers Insurance as alleged in this Complaint constitute a breach of contract and anticipatory breach of contract to the detriment of Plaintiff and all others similarly situated.

## IX.   DECLARATORY RELIEF

78.     Plaintiff realleges the paragraphs above and below.

79.     The acts and/or omissions of Defendant Travelers Insurance constitute a waiver of any contractual right to request Plaintiff or all others similarly situated submit to physical exams with physicians selected by Defendant.

80.     In all material respects, Plaintiff and all others similarly situated have substantially performed her obligations under the Policy with Travelers Insurance.

81.     Plaintiff and the class members are entitled to declaratory relief by this Court holding that:

**a.**  Defendant Travelers Insurance cannot withhold payment of PIP benefits pending the results of a future physical examination of Plaintiff or others similar situated;

**b.**  Plaintiff and others similarly situated substantially performed her obligations under the Policy; and

FIRST AMENDED CLASS ACTION COMPLAINT - 19



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

**c.** Defendant Travelers Insurance waived and is estopped from asserting any right arising from the Policy to request Plaintiff and others similarly situated submit to a physical examination; and

**d.** Plaintiff and others similarly situated are relieved of any obligations under the insurance contract to submit to a request by Defendant Travelers Insurance for them to undergo a physical examination with a doctor of Defendant Travelers Insurance's choosing.

82.     Additionally, Plaintiff and all others similarly situated are entitled to declaratory relief holding that:

Travelers violated WAC 284-30-395(2) by withholding or retroactively denying PIP benefits without first providing the written explanation that complies with that regulation (i.e., one the includes "the true and actual reason for its action *as provided to the insurer by the medical or health care professional with whom the insurer consulted*…" (emphasis added))

## X.     INSURANCE BAD FAITH

83.     Plaintiff realleges the paragraphs above and below.

84.     The conduct of Defendant Travelers Insurance constitutes insurance bad faith.

## XI.     VIOLATIONS OF INSURANCE FAIR CONDUCT ACT

85.     Plaintiff realleges the paragraphs above and below.

86.     Travelers Insurance violated the Insurance Fair Conduct Act, RCW 48.30.015 to the detriment of Plaintiff and all others similarly situated.

## XII.     NEGLIGENCE

87.     Plaintiff realleges the paragraphs above and below.

FIRST AMENDED CLASS ACTION COMPLAINT - 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

88.     Travelers Insurance's actions and inactions as described herein were negligent and in violation of its duties to exercise reasonable care towards Plaintiff and all others similarly situated in the adjustment of their claims for PIP benefits.

## XIII.    INJUNCTION

89.     Plaintiff realleges the paragraphs above and below.

90.     Defendant Travelers Insurance should be enjoined from any further acts which violate the Washington Administrative Code or Washington statutes and should further be required to enact procedures which live up to an insurer's legal obligations to perform a full and fair investigation into an insured's claims.

91.     Defendant Travelers Insurance should be required to enact policies and procedures that do not allow its claims adjusters to withhold payment of properly payable PIP claims pending a future physical examination unless or until Travelers Insurance can provided the insured with the written explanation that complies with WAC 284-30-395(2) (i.e., one the includes "the true and actual reason for its action *as provided to the insurer by the medical or health care professional with whom the insurer consulted*…" (emphasis added)).

92.     Defendant Insurer should be further enjoined from violating the insurance contract by refusing to pay the claims of Plaintiff and all others similarly situated under their PIP coverage pending future physical examinations.

## XIV.    NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.     Defendant Travelers Insurance intentionally failed to properly investigate Plaintiff's claims, conspired to undermine her legal and financial position, and negligently and intentionally failed to comply with the Washington Administrative Code.  As a direct and

FIRST AMENDED CLASS ACTION COMPLAINT - 21



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

proximate result of said negligent and intentional conduct, Plaintiff suffered emotional distress and other damages in an amount to be proven at trial. Plaintiff asserts this claim solely as an individual.

## XV.  CONDITIONS PRECEDENT

94.    Plaintiff has satisfied all conditions precedent to the claims asserted herein, including serving notice of her intention to pursue relief pursuant to the Insurance Fair Conduct Act more than 20 days prior to filing this lawsuit.

## XVI.  DAMAGES

95.    As a proximate result of Defendant's wrongful conduct described herein, Plaintiff has in the past and will in the future sustain noneconomic harm, economic harm, and statutory damages for which she is entitled to relief as requested herein.

## XVII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests a judgment be entered against Defendant providing the following relief:

A.  Declaratory Relief as set forth above;

B.  Economic and noneconomic damages in amounts to be proven at trial;

C.  Exemplary, enhanced, and treble damages pursuant to RCW 19.86 *et seq.*, RCW 48.30.015, and as otherwise provided by law;

D.  Prejudgment and post-judgment interest;

E.  Plaintiff's costs and attorneys' fees under RCW 19.86.090, RCW 48.30.015, Olympic S.S. Co. v. Centennial Ins. Co., 117 Wn.2d 37, 811 P.2d 673 (1991), equity, or as otherwise provided by court rule or law;

F.  Injunctive relief as set forth above; and

G.  Such other and further relief and the Court deems just and appropriate.

FIRST AMENDED CLASS ACTION COMPLAINT - 22

1  /////

2  /////

3  /////

4

DATED this 13th Day of September, 2018.

5

PFAU COCHRAN VERTETIS AMALA, PLLC

6

7

8  By: s/ Darrell L. Cochran
         Darrell L. Cochran, WSBA No. 22851
9         darrell@pcvalaw.com
         Attorney for Plaintiff

10

By: s/ Loren A. Cochran
11         Loren A. Cochran, WSBA No. 32773
         loren@pcvalaw.com
12         Attorney for Plaintiff

13  By: s/ Kevin M. Hastings
         Kevin M. Hastings, WSBA No. 42316
14         kevin@pcvalaw.com
         Attorney for Plaintiff

15

16  By: s/ Christopher E. Love
         Christopher E. Love, WSBA No. 42832
17         chris@pcvalaw.com
         Attorney for Plaintiff

18

19

20  ARMITAGE & THOMPSON, PLLC

21  By: s/ J.J. Thompson
         J.J. Thompson, WSBA No. 40462
22         Attorney for Plaintiff

23

24

25

FIRST AMENDED CLASS ACTION COMPLAINT - 23





# Automobile Policy Declarations

## 1. Named Insured

DIANE YOUNG

**ADDRESS REDACTED**

**Your Auto Policy Number**    996836467 203 1
**Your Account Number**

## Your Agency's Name and Address

ALL LINES INSURANCE AGCY
9203 E TRENT AVE
SPOKANE, WA 99206

| | |
|---|---|
| **For Policy Service** | 1-509-928-1111 |
| **For Claim Service** | 1-800-252-4633 |
| **For Roadside Assistance** | 1-800-252-4633 |

## 2. Premium

Your Total Premium for the Policy Period is $926.
The policy period is from November 17, 2016 to May 17, 2017 12:01 A.M. STANDARD TIME at your address shown in Item 1.

## 3. Your Vehicles

| | | Identification Numbers |
|---|---|---|
| 1. | 2005 HONDA ACCORD DX | 1HGCM56155A149764 |
| 2. | 2002 TOYOT PRIUS | JT2BK12U420068841 |

## 4. Coverages, Limits of Liability and Premiums

Insurance is provided only where a premium entry is shown for the coverage. The premium entry "Incl" or "Pkg" means the premium charge is included in the premium for another coverage or a package.

| | VEHICLE 1<br>05 HONDA<br>ACCORD DX | VEHICLE 2<br>02 TOYOT<br>PRIUS |
|---|---|---|
| **A. Bodily Injury**<br>$250,000 each person<br>$500,000 each accident | $128 | $128 |
| **B. Property Damage**<br>$250,000 each accident | $62 | $54 |
| **D1. Underinsured Motorists Bodily Injury**<br>$250,000 each person<br>$500,000 each accident | $38 | $38 |
| **D3. Underinsured Motorists Property Damage**<br>$25,000 each accident | $6 | $6 |
| **Q. Personal Injury Protection:**<br>Limits displayed under<br>Additional Personal Injury Protection | $40 | $35 |



EXHIBIT
A
tabbies

**TRAVELERS**

## 4. Coverages, Limits of Liability and Premiums (continued)

Insurance is provided only where a premium entry is shown for the coverage. The premium entry "Incl" or "Pkg" means the premium charge is included in the premium for another coverage or a package.

|  | VEHICLE 1 | VEHICLE 2 |
|---|---|---|
|  | 05 HONDA ACCORD DX | 02 TOYOT PRIUS |
| **R. Addl. Personal Injury Protection:**<br>Medical and Hospital Exp. $35,000<br>Funeral Expenses $2,000<br>Income Continuation<br>$35,000 subject to a maximum<br>of $700 per week<br>Loss Of Services<br>$14,600 subject to a maximum<br>of $40 per day | $27 | $25 |
| **E. Collision**<br>Actual Cash Value less<br>$250 deductible | $99 | $86 |
| **F. Comprehensive**<br>Actual Cash Value less<br>$250 deductible | $22 | $22 |
| **Glass Deductible**<br>See Endorsement E1OCW02 (01-15)<br>$50 deductible | Incl | Incl |
| **Extended Transportation Expenses**<br>See Endorsement E1MCW01 (10-13)<br>$40 per day/$1,200 maximum | $11 |  |
| **Personal Property Coverage**<br>See Endorsement E1VCW01 (10-13)<br>$500 limit | Pkg |  |
| **Roadside Assistance Coverage**<br>See Endorsement E1RCW02 (10-13)<br>Up to 100 miles per disablement<br>Up to 15 miles per disablement | Pkg | $5 |
| **Trip Interruption Coverage**<br>See Endorsement E1SCW01 (10-13) | Pkg |  |

## OTHER PREMIUM*

|  | OTHER PREMIUM* |
|---|---|
| **Accident Forgiveness** | Pkg |
| **Decreasing Deductible**<br>See Endorsement E1JCW02 (10-13) | Pkg |



| Named Insured | DIANE YOUNG | Policy Number | 996836467 203 1 |
| Policy Period | November 17, 2016 to May 17, 2017 | Issued On Date | November 16, 2016 |

## 4. Coverages, Limits of Liability and Premiums (continued)

Insurance is provided only where a premium entry is shown for the coverage. The premium entry "Incl" or "Pkg" means the premium charge is included in the premium for another coverage or a package.

### OTHER PREMIUM*

|  |  |  | OTHER PREMIUM` |
|---|---|---|---|
| Minor Violation Forgiveness |  |  | Pkg |
| Total Loss Deductible Waiver<br>See Endorsement E1TCW01 (10-13) |  |  | Pkg |
| **Package Premiums^** |  |  |  |
| Premier Roadside Assistance | $12 |  |  |
| Premier Responsible Driver Plan |  |  | $82 |
| **Subtotal for your vehicle(s):** | $445 | $399 |  |
| **Subtotal for Other Premium*:** |  |  | $82 |

**This is not a bill. You will be billed separately for this transaction.**

\* Other Premium are charges for coverages and packages not specific to a vehicle.
^ The Premier Roadside Assistance Package consists of Roadside Assistance Coverage, Trip Interruption Coverage, and Personal Property Coverage endorsements. The Premier Responsible Driver Plan consists of the Decreasing Deductible and Total Loss Deductible Waiver endorsements as well as the Accident Forgiveness and Minor Violation Forgiveness features.

## 5. Information Used to Rate Your Policy

**Discounts**
Safe Driver Discount
  3 Years Accident and Violation Free
Multi-Policy Discount
Multi-Car Discount
EFT Discount
Continuous Insurance Discount
Early Quote Discount
Hybrid Discount                    02 TOYOT

| Drivers |  | Date of Birth | Gender | Marital Status | License Status |
|---|---|---|---|---|---|
| 1. | DIANE | 05-21-1958 | Female | Single | Licensed |
| 2. | RAYANNE | 10-24-1984 | Female | Single | Licensed |

| Vehicles |  | Use of Vehicle | Location of Vehicle |
|---|---|---|---|
| 1. | 05 HONDA ACCORD DX | Pleasure | SPOKANE VALLEY, WA |
| 2. | 02 TOYOT PRIUS | Pleasure | SPOKANE VALLEY, WA |

PL-50014 (03-12)
472/06X939

**TRAVELERS**

## 5. Information Used to Rate Your Policy (continued)

**Safe Driver Discount — Driving/Loss History Used to Determine Eligibility for Discount**

| Drivers/Vehicles | Incident | Date | Status |
|---|---|---|---|
| DIANE | Accident | 09-12-13 | Used |

If any of the information above is incorrect or has changed, please notify your Travelers representative immediately.

## 6. Other Information

**Your Insurer**

THE STANDARD FIRE INSURANCE COMPANY
ONE TOWER SQUARE, HARTFORD, CT 06183

**Policy Coverage Sections and Endorsements That Form a Part of This Policy:**

| | |
|---|---|
| G01WA00 (10-13) | General Provisions Section |
| L01CW02 (08-15) | Liability Coverage Section |
| Q01WA00 (10-13) | Personal Injury Protection Coverage Section |
| D01WA01 (08-15) | Underinsured Motorists Coverage Section |
| P01WA01 (08-15) | Damage To Your Auto Coverage Section |
| S01CW01 (10-13) | Signature Page |
| E1JCW02 (10-13) | Decreasing Deductible |
| E1MCW01 (10-13) | Extended Transportation Expenses |
| E1OCW02 (01-15) | Glass Deductible |
| E1RCW02 (10-13) | Roadside Assistance Coverage |
| E1SCW01 (10-13) | Trip Interruption Coverage |
| E1TCW01 (10-13) | Total Loss Deductible Waiver |
| E1VCW01 (10-13) | Personal Property Coverage |
| E1YWA01 (08-15) | Personal Vehicle Sharing Exclusion |

Issued on 11/16/2016

Countersignature: _____

## FOR YOUR INFORMATION

For information about how Travelers compensates independent agents and brokers, please visit www.Travelers.com or call our toll free telephone number 1-866-904-8348. You may also request a written copy from Marketing at One Tower Square, 2GSA, Hartford, Connecticut 06183.



| Named Insured | DIANE YOUNG | | Policy Number | 996836467 203 1 |
| Policy Period | November 17, 2016 to May 17, 2017 | | Issued On Date | November 16, 2016 |

## 6. Other Information (continued)

It is important that the information we used to rate your policy is correct. It is your responsibility to make sure that the information on these Declarations is accurate and complete, including checking that you are receiving all the discounts for which you are eligible. To see a full list of discounts offered, including discounts for having multiple policies with us or being a good driver, go to www.travelers.com/discounts. Once at the website, type in your policy number 9968364672031 and product code QA2 to view the discounts available. If any of the information on the Declarations has changed, appears incorrect, or is missing, please advise your Travelers agent or representative immediately. Your Travelers agent or representative is also available to review the information on the Declarations with you.



TRAVELERS

James Olsen
Claim Professional
Portland Claims Service Center
P.O. Box 6890
Portland, OR 97228
(800)898-6883 x5344494 or (503)534-4494
(866)291-2468 (fax)

November 8, 2017

Armitage & Thompson, PLLC
Attn: JJ Thompson
220 W. Main Avenue
Spokane, WA 99201

Re.    Insured:              Diane Young
       Injured Party:        Diane Young
       Claim Number:         H3C4969
       Date of Loss:         5/11/2017
       Insurer:              The Standard Fire Insurance Company
       Policy Number:        996836467-203-1
       Policy Period:        11/17/2016 - 05/17/2017

Dear Mr. Thompson:

This letter is to advise that as previously stated in our letter to your client dated 9/8/2017, we will continue to handle her claim under a Reservation of Rights.

We are writing regarding your client's injuries and the treatment she has received as a result of the accident on 5/11/2017. At this time we would like to schedule an independent medical examination ("IME") to determine if the treatment your client is receiving is reasonable, necessary and related to this accident. As you are aware, The Standard Fire Insurance Company (hereafter referred to as "Travelers") can only pay for treatment that is reasonable, necessary and related to the accident.

This claim was reported under auto insurance policy 996836467-203-1 on 5/17/2017. It was reported your client was involved in an accident on 5/11/2017 in which she was the driver in a vehicle that was rearended while stopped at a light.

We have received the medical release and prior provider list that we requested from your client, and Travelers is still in the process of requesting her current and prior medical records. Upon receipt of the records, an independent medical examination (IME) will be scheduled.

Please be advised until we have an opportunity to determine if your client's treatment is reasonable, necessary and related to the accident referenced above, Travelers will handle her personal injury protection (PIP) claim under a reservation of rights.



EXHIBIT
B

Travelers issued policy number 996836467-203-1 for the 2005 Honda Accord with a policy period 11/17/2016 - 05/17/2017. The policy provides several different types of coverages including PIP coverage. Please reference the following excerpts from the policy:

Form G01WA00 (10-13), **PERSONAL AUTO POLICY**
**GENERAL PROVISIONS SECTION**

**DUTIES AFTER AN ACCIDENT OR LOSS**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
...

    **B.**     A person seeking any coverage must:
    1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
    ...
    3. Submit, as often as we reasonable require:
        a. To physical exams by physicians we select.  We will pay for these exams.
        ...
    4. Authorize us to obtain:
        a. Medical reports; and
        b. Other pertinent records.
    5. Submit a proof of loss when required by us.

**Additional Duties For Personal Injury Protection Coverage**

A. Duties A., B.3. and B. 5 are replaced by the following:
    If Personal Injury Protection Coverage is shown in the Declarations, a person seeking coverage under this Coverage Section, must:
    1. In the event of an accident, give us or our authorized agent prompt written notice of the accident. The notice should identify the "insured" and contain reasonably obtainable information regarding how, when and where the accident happened.
    2. Submit to, when and as often as we reasonably require, physical exams by physicians we select. We will pay for these exams.
    3. Give us:
        a. Prompt written proof of claim, under oath if required; and
        b. Any other information which may assist us in determining the amount due and payable.
B. The following duties are added:
    1. A person seeking coverage under this Coverage Section must at our request:
        a. Give us authorization to enable us to obtain:
            (1) Medical reports;
            (2) Copies of records; and

(3) Information regarding loss of income as a condition for receiving income continuation.

b. Furnish us with reasonable medical proof of that person's inability to work.

Please also reference endorsement Q01WA00 (10-13), **PERSONAL INJURY PROTECTION COVERAGE SECTION** that provides in part:

**Coverage Q – Personal Injury Protection**
**Coverage R – Additional Personal Injury Protection**

**Insuring Agreement**

A. We will pay Personal Injury Protection benefits to an "insured" who sustains "bodily injury". The "bodily injury" must be caused by an accident and arising out of the ownership, maintenance or use of a "motor vehicle" as a "motor vehicle".

B. Subject to the limits shown in the Declarations, personal injury protection coverage benefits that apply, personal injury protection benefits consist of the following:

1. **Medical and Hospital Expense:** All reasonable and necessary expenses incurred within three years from the date of the accident for:
   a. Medical, surgical, x-ray and dental services:
   b. Pharmaceuticals, prosthetics devices and eyeglasses; and
   c. Necessary ambulance, hospital, professional nursing.

2. **Funeral Expenses**

3. **Income Continuation Expense:** An "insured's" loss of income from work, less other income earned, during a period of disability due to "bodily injury". Income continuation:
   a. Is payable only for the period beginning 14 days after the accident; and
   b. Ends when:
      (1) The "insured" is able to resume the duties of that "insured's" usual occupation.
      (2) 54 weeks have elapsed since the date of the accident; or
      (3) The "insured" dies.

The combined weekly payment under this Coverage Section to the "insured" for loss of income under:
   a. Any workers' compensation benefits;
   b. Personal Injury Protection coverage provided under this policy;
   c. Any other disability or loss of income benefits.
shall not exceed 85% of the "insured's" weekly income.

4. **Loss Of Services:** Reasonable expenses incurred during a period of disability for essential services instead of those an "insured" would have performed without income. Loss of services does not include expenses:
   a. For services obtained from members of the "insured's" household; and
   b. Incurred after the earliest of the following:

(1) The date that the "insured" is able to resume essential services;
(2) 52 weeks since the date of the accident; or
(3) The "insured" dies.

B. We have the right to review expenses incurred to determine if they are reasonable and necessary and not in excess of the usual and customary charge for services. We may use any or all of the following sources to decide if any medical expense is usual and customary, reasonable, necessary and caused by an accident. These sources may include:

1. Our review of medical records and test results, or review by persons or services chosen by us;

...

4. Exams by physicians we select.

As indicated above, Travelers is unable to review your client's medical treatment to determine if it is reasonable, necessary and related to the accident until an IME is obtained. Travelers is unable to proceed with scheduling the IME until we receive your client's prior records.

As discussed above, the purpose of the IME is to determine whether or not the treatment your client is receiving from her providers is reasonable, necessary and as a result of the accident 5/11/2017. Should the IME determine the treatment isn't reasonable, necessary and related to the accident, Travelers will not be able to make any additional payment for medical expenses on your client's behalf. If she should choose not to or fail to attend the IME, Travelers will likewise be unable to make any additional payment on your client's behalf under the PIP benefits.

Because Travelers is unable to determine if your client's treatment is reasonable, necessary and related to the accident we will continue to pay any reasonable, necessary and related medical expenses incurred through September 18, 2017 (10 days after the date of the original letter). Any medical expenses incurred after this date will only be paid if the IME determines the medical treatment is reasonable, necessary and related to the accident.

In addition to the specific reservation set forth above, Travelers fully reserves all rights and defenses Travelers may have or that may later arise under the policy or the law that governs it. Neither the writing of this letter, nor any actions taken by Travelers and/or its authorized representatives in connection with this policy, or any other policies, shall constitute or be deemed to be a waiver of, or an estoppel to assert, any of the rights or defenses Travelers may have or that may arise under this policy, any other policies, the claimed loss or applicable law.

Our goal is to assist your client to the fullest extent allowed by her PIP benefits with Travelers and the IME will help us do that. If you have other facts that you would like us to consider, or if you become aware of facts during the course of this claim, that you believe will impact our determination, please let us know. If you have any questions or comments concerning the above, please do not hesitate to call me at the number listed below.

Sincerely,

James Olsen, Claim Professional
The Standard Fire Insurance Company
800-898-6883 x5344494 or 503-534-4494
866-291-2468 (fax)