FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIANE YOUNG, individually<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>THE STANDARD FIRE INSURANCE COMPANY, a foreign insurance company,<br><br>　　　　　　Defendant. | NO:  2:18-CV-31-RMP<br><br>ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE |

BEFORE THE COURT are the parties' stipulated motion for entry of a protective order, ECF No. 48, and accompanying stipulated motion to expedite hearing of the same, ECF No. 49.  Having reviewed the protective order and the remaining record, the Court finds good cause to grant the stipulated motions on an expedited basis and enter the agreed-upon protective order.

Accordingly, **IT IS HEREBY ORDERED** that the parties' stipulated motions for protective order, **ECF No. 48**, and to expedite hearing of the same, **ECF No. 49**, are **GRANTED**.  The protective order in effect is set forth below.

ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE ~ 1

# STIPULATED PROTECTIVE ORDER

## I. PURPOSES AND LIMITATIONS

Plaintiff has requested discovery from Defendant The Standard Fire Insurance Company (herein after "Defendant") that Defendant believes is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## II. "CONFIDENTIAL" MATERIAL

"Confidential" documents shall mean documents or information produced or disclosed within any proceeding, formal or informal, including but not limited to, written discovery, depositions, affidavits, document production and expert disclosures, by any of the parties to this action or by any non-party witness, which a Party designates as "Confidential." For purposes of this Order, Confidential information may include, but is not limited to, documents that the designating party contends contain trade secrets, proprietary or commercially sensitive information, employee records and personnel files, and any other information

subject to specific privacy rights or other specific grounds recognized at law as justifying non-disclosure, including but not limited to redaction of an employee's Social Security Information and health care information. This Order and the definition of "Confidential" does not constitute an agreement or stipulation that any specific documents are admissible, and all rights and objections thereto are reserved. Not all documents are Confidential; however, a producing Party reserves the right to evaluate such documents and to designate such documents or portions thereof should they contain Confidential information within. Confidential information shall be revealed only to: (a) the Court, the Court's staff and any mediators, arbitrators, and their staff; (b) the parties and their officers, employees, and agents who are providing assistance to counsel in this action (including in-house counsel participating in the defense of this action), and any persons joined as parties in the future; (c) the parties' attorneys of record and those attorneys' associates, assistants, employees, and vendors; (d) consultants, technical experts, expert witnesses, potential fact witnesses, and agents involved in the preparation of this action who have signed the "Agreement to be Bound by Confidentiality Agreement" attached hereto as Exhibit A; (e) insurers or representatives of the parties who have signed the "Agreement to be Bound by Confidentiality Agreement" attached hereto as Exhibit A; and (f) court reporters, their transcribers, assistants, and employees. Documents which a Party or its legal counsel has

caused or permitted to enter the public domain through means other than litigation shall not be deemed Confidential.

**III.   SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**IV.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

A.   <u>Basic Principles.</u> A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this agreement.

B. <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(i) the parties who are named parties in the above caption of the subject lawsuit to which this Stipulated Protective Order applies;

(ii) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(iii) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv) the Court, court personnel, and court reporters and their staff;

(v) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(vi) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to

ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE ~ 5

depositions that reveal confidential material must be designated as CONFIDENTIAL and may not be disclosed to anyone except as permitted under this agreement;

(vii) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

C. <u>Filing Confidential Material.</u>

Any party including materials designated CONFIDENTIAL in any pleading, motion, deposition transcript or other paper filed with the Clerk of this Court shall, at that party's option, either:

(a) provide five court days advance written notice to the designating party of the intent to submit CONFIDENTIAL materials, identifying the specific materials to be filed and the date of the filing so that the designating party may file a motion to seal and provide redacted versions of the CONFIDENTIAL materials to the non-designating party; if the designating party so moves before the date of filing, then the non-designating party shall file the redacted versions of the CONFIDENTIAL materials with his or her public court filing (with an unredacted copy provided to chambers in camera) or, if necessary, file CONFIDENTIAL documents under seal; or

(b) file a separate motion or stipulation seeking an order from the Court determining whether the CONFIDENTIAL material may be maintained under seal

so that the Court can make particular findings justifying the limitation on public access as may be appropriate.

The burden is on the designating party to provide the Court with the information needed to determine whether all, a portion, or none of the document may be filed under seal. Court findings and conclusions reflecting the same and authorizing any sealing or redaction must also be filed by the designating party. Consistent with this paragraph, a filing party's exercise of the option to file a separate, non-stipulated motion seeking a Court order determining whether CONFIDENTIAL material may be maintained under seal does not constitute assent to the designating party's CONFIDENTIAL designations or the issue of whether any or all such materials should be maintained under seal.

## V. DESIGNATING PROTECTED MATERIAL

A. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly

unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

B. <u>Manner and Timing of Designations.</u> Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section V.B.(i) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(i) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(ii) Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate

ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE ~ 8

other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(iii) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

C. <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. Corrective designations made fifty days or more after the information or materials at issue are disclosed to the opposing party are subject to a rebuttable presumption of untimeliness. The designating party shall bear the burden of demonstrating circumstances justifying the presumptively untimely designations.

**VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A. <u>Timing of Challenges.</u> Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a

ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE ~ 9

designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference. If the parties are unable to agree upon the confidentiality of a document that has been designated as "Confidential", then the party which wants to introduce the document into evidence bears the burden of establishing the appropriate designation for that document.

**VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE ~ 10

(i) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(ii) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(iii) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**IX. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in CR

26(b)(5). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties shall confer on an appropriate non-waiver order under Fed. R. Evid. Rule 502.

## X. NON TERMINATION AND RETURN OF DOCUMENTS

Within sixty days after the termination of this action, including all appeals, and upon written request of the producing party, each receiving party must return or destroy all confidential material including all copies, extracts and summaries thereof. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** September 24, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge