1
2
3
4
5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| DIANE YOUNG, | | |
| | Plaintiff, | |
| vs. | | No. 2:18-CV-31-RMP |
| THE STANDARD FIRE INSURANCE COMPANY, a foreign insurance company, | | PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| | | NOTED FOR AUGUST 8, 2019 |
| | Defendant. | |

## I.  INTRODUCTION

Defendant The Standard Fire Insurance Company ("Travelers") has a duty to act in good faith toward its insured Washington consumers in its claims investigation and processing.  Travelers owes a duty of good faith under both common law and Washington statutes and insurance regulations. Under Washington's common law of bad faith, insurers are required to give equal consideration to the insured's interest in all matters. Washington's insurance regulations define (1) refusing to pay a claim before conducting a reasonable investigation, (2) failure to adopt and implement reasonable standards for the prompt investigation of claims, and (3) refusing to pay a claim before providing

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 1 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

an insured with a consulting medical professionals reasons supporting the refusal as unfair acts. WAC 284-30-330(3), 330(4), 395(2).

There is no dispute of fact regarding Travelers's practice in this case. Travelers had a policy or practice of withholding and denying personal injury protection ("PIP") benefits to its Washington State insureds based on a demand for an independent medical examination ("IME") without obtaining or providing a supporting opinion from a medical or healthcare professional with whom Travelers consulted.

The question here is simple: can Travelers do that? Essentially, Travelers preemptively stops paying benefits prior to the IME in hopes that the results will enable it to deny benefits permanently, and that the denial pending will save it a month or two of payments while the insured remains in limbo. In the meantime, even insureds whose claims are entirely valid have payments delayed and their relationships with their medical providers disrupted.

This practice runs completely counter to the underlying purposes of PIP in Washington—providing prompt payment of medical bills—and constitutes bad faith. First, under WAC 284-30-330(4), Travelers denies benefits before completing a reasonable investigation, instead basing necessarily medical determinations of reasonableness, necessity, or relatedness of treatment on a claims adjuster's mere speculation and conjecture. Second, by doing so as a standard practice, it violates WAC 284-30-33(3). Third, under WAC 284-30-395(2), it denies benefits without providing the insured with written notice of the reasons supporting the denial as provided to Travelers by a medical or health care professional with whom it consulted. Finally, under Washington's common law of bad faith, Travelers fails to give equal consideration to the insured's interest during the time the claim is denied "pending."

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 2 of 20

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

Here, Plaintiff Diane Young's treating physicians implicitly confirmed that her treatment was both reasonable and necessary and related to the motor vehicle accident. See RCW 18.130.180 (implicitly - prohibiting misrepresentation by all providers licensed the by the WA State Department of Health). Thus, until the insurer receives the results of an IME or record review, it has no invalid medical basis for concluding that a reasonableness, necessity, or relatedness issue with treatment exists. Yet Travelers, placing its own interest above Ms. Young's, denied her claims pending an IME/records review.

Traveler's systemic refusal to pay PIP benefits before obtaining a supporting medical opinion strikes at the heart of PIP's underlying purposes and is quintessentially and unreasonably bad faith. Accordingly, Ms. Young is entitled to summary judgment on the corresponding elements of her claims based on this practice, reserving any elements of causation and damages for trial.

## II.    STATEMENT OF FACTS

### A.    Substantive Facts

On May 11, 2017, Ms. Young was injured in an automobile collision; she subsequently sought medical treatment for her injuries, and at all relevant times possessed coverage for PIP benefits under an automobile insurance policy issued by Travelers. Plaintiff's Statement of Undisputed Facts (PSOF) at ¶¶ 8-10. Ms. Young's policy stated that it would pay PIP benefits to an insured suffering a "bodily injury" "caused by an accident" consisting of "[a]ll reasonable and necessary" medical expenses "incurred within three years from the date of the accident." *Id.* at ¶ 11.

Ms. Young made a claim for PIP coverage to Travelers, and Travelers initially accepted her claim and paid some of her medical bills. *Id.* at ¶¶ 13-14. However, on September 8, 2017, Travelers informed Ms. Young that it was

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 3 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

asserting a "reservation of rights" regarding all medical bills submitted after September 18. *Id.* at ¶ 19. Despite admitting that it lacked sufficient information to determine that her medical treatments were not "reasonable, necessary and related to the accident," Travelers also informed her that it was suspending payment of PIP benefits until a physician of Travelers's choosing physically examined her in an IME. *Id.* at ¶ 19.

During their depositions, Travelers's FRCP 30(b)(6) representative and even one of its IME physicians and expert witnesses testified that individuals lacking a medical degree or formal medical training are unqualified to determine whether an insured's medical treatments are reasonable, necessary, or unrelated to an accident. *Id.* at ¶¶ 4, 22. None of the Travelers claims adjusters responsible for processing PIP claims for its Washington State insureds possess any sort of medical degree or formal medical training. *Id.* at ¶¶ 3-4. Despite this testimony, however, Travelers's claims handling policies permit its claims adjusters to determine that a reasonableness, relatedness, or necessity issue exists based on the adjuster's own review of an insured's medical records and suspend payment of PIP benefits pending IME results. *Id.* at ¶ 5. In fact, Travelers's claims handling rules ***direct*** its claims adjusters to suspend PIP benefits and request an IME once the adjuster determines that a reasonableness, necessity, or relatedness issue exists regarding an insured's treatment. *Id.* Consistent with this directive, the Travelers claims adjuster who suspended payment of Ms. Young's PIP benefits, James Olsen, did so based only on his own non-medical review of Ms. Young's medical records. *Id.* at ¶ 19.

Travelers's claims adjusters testified that the company's "suspension" of PIP benefits after requesting an IME constitutes a denial of benefits for purposes of applicable Washington insurance regulations. *Id.* at ¶¶ 6-7. Consistent with

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 4 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

this testimony, Mr. Olsen's September 8, 2017 entry in Travelers's claims systems notes for Ms. Young stated: "After 9/18 please ***deny all bills*** . . . ." *Id.* at ¶ 17. After this date, when Ms. Young's medical providers would submit bills to Travelers for payment, Travelers would issue Explanation of Benefits ("EOB") refusing any payment and explaining: "IME HAS BEEN REQUESTED. PAYMENT CONSIDERED AFTER EXAMINATION." *Id.* at ¶ 20.

Travelers failed to obtain medical opinions regarding the reasonableness, necessity, or relatedness of Ms. Young's medical treatments until January 22 and February 1, 2018. *Id.* at ¶ 21. On February 16, Travelers informed Ms. Young that, based on the IME results, it would not pay for "chiropractic care, massage therapy or physical therapy beyond 9/18/17-the date we agreed to cover treatment through in our 9/8/17 correspondence." *Id.* at ¶ 23. Travelers further stated that it would not pay for "acupuncture treatments beyond 12/4/17." *Id.*

### B.   Procedural History

On September 13, 2018, Ms. Young filed her First Amended Complaint asserting the following claims for damages on behalf of herself as well as all other similarly-situated Washington State insureds: (1) violation of WAC provisions and statute; (2) violation of chapter 19.86 RCW, the Washington Consumer Protection Act ("CPA"); (3) breach of contract; (4) insurance bad faith; (5) violations of chapter 48.30 RCW, the Insurance Fair Conduct Act ("IFCA"); and (6) negligence. Dkt. #38 at 13-14, 18-21 (¶¶ 60, 72-92).[1] At a December 18, 2018 hearing, the Court directed the parties to file cross summary judgment motions "just on the one issue . . . the suspension of PIP benefits without the IME or

---

[1] Ms. Young expressly asserts a claim for negligent infliction of emotional distress "solely as an individual," not on a class-wide basis. *Id.* at 21-22 (¶ 93).

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 5 of 20

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

pending the IME . . . ." Cochran Decl. Ex. 15. Consistent with the Court's direction, Plaintiff now moves for partial summary judgment on her claims solely based on this issue Plaintiff alleges is common to the proposed putative class.[2]

### III.     EVIDENCE RELIED UPON

This motion relies upon the Declaration of Darrell L. Cochran in Support of Plaintiff's Partial Summary Judgment Motion, as well as the pleadings, declarations, and other evidence previously filed in this case.

### IV.     LEGAL ARGUMENT

**A.     Legal Standards**

Summary judgment is warranted when there is no material issue of fact for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert denied*, 516 U.S. 1171 (1996). Plaintiff satisfies her burden with respect to the claims at issue by showing that there is an absence of evidence to support the claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

**B.     Travelers's "Suspension" of PIP Benefits Constituted a Refusal to Pay Claims under WAC 284-30-330(4) and a Denial, Limitation, or Termination of PIP Benefits under WAC 284-30-395**

RCW 48.030.010(1) prohibits insurers from engaging in unfair or deceptive acts or practices in the business of insurance. In order to effectuate this statutory

---

[2] Necessarily, Plaintiff reserves the right to later seek summary judgment on any claims and causes of action contingent on the individualized facts unique to Ms. Young and Travelers's handling of her PIP claims, including but not limited to Travelers timing of its IME request, the reasonableness of Travelers's refusal to pay PIP benefits based on information obtained by Travelers after September 8, Travelers's efforts to obtain Ms. Young's medical records, and Travelers's delay in scheduling a records review or IME.

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 6 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

protection for insureds, RCW 48.030.010(2) authorizes the Washington State Office of Insurance Commissioner ("OIC") to promulgate regulations defining specific unfair or deceptive claims practices. One such regulation promulgated by OIC is WAC 284-30-330(4), which defines "[*r*]*efusing to pay claims* without conducting a reasonable investigation" as an unfair practice. Emphasis added. Additionally, WAC 284-30-395(2) requires an insurer, when it "intends to *deny, limit, or terminate* an insured's medical or hospital benefits," to inform the insured of the true and actual reason for its action "as provided to the insurer by *the medical or healthcare professional* with whom the insurer consulted." Emphasis added.

Plaintiff anticipates that Travelers will argue that its September 8, 2017, "suspension" of PIP benefit payments pending IME results did not constitute either a refusal to pay PIP claims or a denial, limitation, or termination of PIP benefits, and that no such action occurred until February 16, 2018. But either assertion is completely contrary to the regulations' plain language and Travelers's own admissions.

Under Washington law, the Court "interprets regulations under the rules of statutory construction." *Durant v. State Farm Mut. Auto. Ins. Co.*, 191 Wn.2d 1, 8, 419 P.3d 400 (2018). It "construes the act as a whole, giving effect to all of the language used." *Durant*, 191 Wn.2d at 8. "If a regulation is unambiguous, intent can be determined from the language alone, and the court will not look beyond the plain meaning of the words of the regulation." *Id.*

First, it should be beyond doubt that Travelers's "suspension" of PIP benefit payments constituted "refusing to pay claims" under WAC 284-30-330(4). Simply put, Ms. Young's medical providers submitted bills to Travelers, and

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 7 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Travelers declined to pay them, advising that it might reconsider payment contingent on IME results.

Second, Travelers's "suspension" of PIP benefits constitutes a denial, limitation, or termination of PIP benefits under WAC 284-30-395. Because the regulation does not define the terms "deny, limit, or terminate," the Court uses their "ordinary (dictionary) meaning." *Durant*, 191 Wn.2d at 11-12. *The Oxford English Dictionary* ("OED") defines "deny" as "5. To refuse or withhold (anything asked for, claimed, or desired); to refuse to give or grant" and "6. To say 'no' to, to refuse (a person who makes a request or demand). *The Oxford English Dictionary (Second Edition*) 467 (1989); *see also id.* at 456 (defining "denial" as "1. A. The act of saying 'no' to a request or to a person who makes a request; refusal of anything asked for or desired"). Likewise, *Webster's Third New International Dictionary* ("*Webster's*") defines "deny" as "3 . . . b: to refuse to grant "WITHHOLD." *Webster's Third New International Dictionary* 603 (1986); *see also id.* 602 (defining "denial" as "1: refusal to grant, assent to, or sanction : rejection of something requested, claimed, or felt to be due").

Consistent with these definitions, Travelers's refusal to pay or withholding payment for Ms. Young's medical bills when her providers requested payment constituted a denial of payment. Indeed, Travelers own claims adjusters admitted that its "suspension" of PIP payments constituted a "denial" of benefits for purposes of Washington insurance regulations.

Moreover, *Webster's* defines "limit" as "3 a : to set bounds or limits to . . . b. to curtail or reduce in quantity or extent." *Id.* at 1312. Again, consistent with this definition, Travelers's "suspension" of PIP payments after September 18 both set bounds for Ms. Young's PIP benefits under the policy and curtailed or reduced the quantity of those benefits.



Finally, the OED defines "terminate" as "4. a. To bring to an end, put an end to, cause to cease; to end (an action, condition, etc.)" and "5. To bring (something) to a stop, so that it extends no further; to put a limit or limits to; to restrict, confine." *Id.* at 804; *see also Webster's* at 2359 (defining "terminate" as "1 a. to bring to an ending or cessation in time, sequence, or continuity"). Once again, Traveler's "suspension" of PIP payments after September 18—i.e., a refusal to pay beyond that date—ended, ceased, stopped, and restricted Ms. Young's PIP benefits, which would only be reopened and reconsidered if Ms. Young received favorable IME results.

C. **Travelers's Policy of "Suspending" PIP Benefit Payments Before Obtaining a Supporting Medical Opinion Violates WAC 284-30-330(3), 330(4), and 395**

In general, WAC 284-30-330(4) prohibits insurers from "[*r*]*efusing to pay claims* without conducting a reasonable investigation." Washington law makes clear that the duty imposed is one to conduct a reasonable investigation *before* refusing to pay. *Coventry Associates v. American States Ins. Co.*, 136 Wn.2d 269, 279, 961 P.2d 933 (1998) (internal quotation and citation omitted) (stating that insurers are required to "complete a reasonable investigation before denying coverage"); *see also Aecon Bldgs., Inc. v. Zurich North America*, 572 F. Supp. 2d 1227, 1239 (W.D. Wash. 2008) (citing duty from WAC 284-30-330(4) and holding that insurer "violated the CPA when it failed to conduct a reasonable investigation before denying Aecon's tender"). Under this investigatory duty, "[a]n insurer does not have a reasonable basis for denying coverage and, therefore, acts without reasonable justification when it denies coverage based on suspicion and conjecture." *Indus. Indem. Co. of the NW., Inc. v. Kallevig*, 114 Wn.2d 907, 917, 792 P.2d 520 (1990).

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 9 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

In turn, Washington law imposes further limitations on insurers' refusal to pay in the PIP context.  WAC 284-30-395(1) provides that there are only four reasons for which an insurer may deny, limit or terminate PIP benefits: if treatment is not "reasonable," "necessary," "related to the accident," or "incurred within three years of the accident."  "These are the only grounds for denial, limitation, or termination of medical and hospital services . . . ."  WAC 284-30-395(1).  This provision "is unambiguous:  an insurer may deny PIP benefits 'only' for the reasons listed; no other reasons are permitted."  *Durant*, 191 Wn.2d at 9.

Under facts virtually identical to those in this case, the court in *McGee-Grant v. Am. Family Mut. Ins.*, 157 F. Supp. 3d 939 (W.D. Wash. 2016), addressed what constitutes an unreasonable investigation before "suspending" PIP benefits.  In that case, based solely on review of the insured's medical records, the insurer's claims adjuster concluded that a "relatedness issue" existed and directed that "medical bills should be denied pending an IME."  *McGee-Grant*, 157 F. Supp. 3d at 941.  The insurer did not obtain a medical records review from a medical professional supporting its refusal to pay PIP benefits until three months later.  *Id.* at 942.

In granting the insured's partial summary judgment motion, the *McGee-Grant* court reasoned that "there is no dispute that [the insurer] denied payment without an IME . . . based on a perceived 'relatedness issue,' *i.e.* [its] belief that the [insured's] injury was not related to the motor vehicle accident, but was instead caused by a prior injury."  *Id.* at 943.  The *McGee-Grant* court rejected the insurer's attempts to point to several "facts" supporting its pre-records review "relatedness" conclusion, reasoning that the insurer failed to demonstrate that its conclusions were "medically valid" and, therefore, appeared "to be based on suspicion and conjecture."  *Id.* at 944.  Citing several provisions of WAC 284-30-

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 10 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

330, including 330(4), it ruled that the insurer "acted in bad faith as a matter of law" by concluding that any of the grounds under WAC 284-30-395(1) exist "without a medical basis" and "deciding to refuse payment prior to an IME or records review." *Id.*

As in *McGee-Grant*, in this case Travelers's simple review of insureds' medical records by a claims adjuster is an insufficiently speculative or conjectural basis for refusing to pay PIP benefits based on a perceived reasonableness, necessity, or relatedness issue. In all PIP claims, the medical professional treating the claimant implicitly vouches that the treatment is both reasonable, necessary, and related—otherwise, the treatment provider would violate their professional code by providing the treatment. *See* RCW 18.130.180 (prohibiting misrepresentation by all providers licensed the by the Washington State Department of Health). A claims adjuster simply lacks the medical skills and expertise to deny a claim based on the adjuster's bare reasonableness, necessity, or relatedness determination without an IME or records review. Indeed, Travelers ***admitted*** that its claims adjusters are unqualified to make such determinations—the ***only*** basis for refusing to pay PIP benefits.

Moreover, WAC 284-30-395(2) reinforces the prohibition against insurers refusing to pay PIP benefits based on an insufficient investigation and mere speculation and conjecture. That regulation provides that when an insurer "concludes that it intends to deny, limit, or terminate an insured's" PIP benefits, it must provide a "written explanation" containing the "true and actual reason for its action ***as provided to the insurer by the medical or health care professional with whom the insurer consulted***[.]" WAC 284-30-395(2) (emphasis added); *see also* WAC 284-30-380 (generally requiring all insurers to state the specific grounds for denying a claim). Accordingly, Travelers was required to provide

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 11 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Ms. Young with the opinion of a medical or healthcare professional to support its *intention* to refuse to pay or otherwise deny, limit, or terminate her PIP benefits.

Any question that the regulation required Travelers to obtain a supporting medical opinion *before* it denied, limited, or terminated Ms. Young's PIP benefit payments is resolved by the regulation's legislative history. In publishing WAC 284-30-395(2) as a proposed rule, OIC stated that the regulation was prompted by hundreds of complaints "about the way insurers deny, limit, or terminate PIP benefits *after* review of the insured's treatment records or 'independent medical examinations.'" Cochran Decl. Ex. 16 at 1 (emphasis added). OIC stated that the "rule is designed to address these complaints." *Id.* at 3. OIC explained that the rule "requires an insurer *to deny, limit, or terminate claims in writing* and to provide the 'true and actual' reason for the denial . . . ." *Id.* at 1 (emphasis added). To that end, OIC stated that "After an insurer concludes that it intends to deny, limit, or terminate an insured's medical or hospital benefits, the insurer shall advise an insured in writing." *Id.* at 2. In other words, after an insurer concludes that it *intends* to deny, limit, or terminate PIP payments, it must *formally* deny, limit, or terminate those payments *in writing* (emphasis added). Necessarily implicit in this requirement is the fact that an insurer must *already have* obtained a supporting medical opinion when making the decision to deny PIP payments—otherwise it is unable to provide its insured with the written "reason for its action as provided to the insurer by the medical or health care professional with whom the insurer *consulted*." *Id.* at 6 (emphasis added).

Taken altogether, an insurer unreasonably and unlawfully refuses to pay PIP benefits on the basis of a perceived reasonableness, necessity, or relatedness issue without a supporting medical opinion from an actual medical or health care professional with whom the insurer consulted, not an insurer's lay employee.

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 12 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Thus, when an insurer refuses to pay PIP benefits without providing any written explanation of a provider's reasons justifying that decision, it *inherently* refuses to pay PIP benefits based on speculation and conjecture, not the required medical basis, in violation of WAC 284-30-330(4). Likewise, when an insurer refuses to pay PIP benefits without providing written notice of the medical opinions supporting its refusal, it violates WAC 284-30-395(2).

Accordingly, Travelers's practice of refusing to pay Ms. Young's and other Washington State insureds' PIP benefits based solely on a claims adjuster's review of medical records is a refusal based on speculation and conjecture in violation of WAC 284-30-330(4). Likewise, Traveler's practice of denying PIP benefits without providing written notice of the medical opinions supporting the denial violates WAC 284-30-395(2). And both of these unreasonable practices violate WAC 284-30-330(3), which prohibits insurers from "[f]ailing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies." Travelers expressly adopted and implemented standards which unreasonably allowed its claims adjusters to refuse to pay PIP benefits without first obtaining a supporting medical opinion and providing an insured with WAC 284-30-395(2)'s required written notice.[3]

---

[3] Accepting Travelers's position that it may indefinitely refuse payment of an insured's PIP benefits *until* it obtains its own supporting medical opinion regarding reasonableness, necessity, or relatedness would completely undermine PIP's purpose. PIP is no-fault insurance, "the purpose of which is to provide for *speedy payment of medical bills* and compensation for lost income for accident victims." 7A Am.Jur.2d Auto. Ins. § 521 (emphasis added). Consistent with this common understanding of PIP's purpose, the Washington State Supreme Court

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 13 of 20

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

has explained that PIP is "essentially no-fault coverage for medical expenses arising from bodily injuries sustained in an automobile accident," *Van Noy v. State Farm Mut. Auto. Ins. Co.*, 142 Wn.2d 784, 787, 16 P.3d 574 (2001). Likewise, the Washington State Court of Appeals has explained:

> "The no-fault insurance system and personal injury protection (PIP) benefits are intended to provide victims of motor vehicle accidents adequate and ***prompt reparation*** for certain economic losses at the lowest cost to both the individual and the no-fault insurance system. The individual victim is benefited through ***quick compensation*** for economic losses incurred as a result of the accident, [irrespective] of fault and without having to bring a lawsuit."

*Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wn. App. 52, 62, 322 P.3d 6, 12 (2014) (emphasis added) (quoting 12 Steven Plitt, Daniel Maldonado & Joshua D. Rogers, Couch on Insurance 3d § 171:45, at 171–46 (2006)).

In contrast, requiring insurers to obtain a supporting medical opinion on reasonableness, necessity, or relatedness before denying PIP payments is consistent with PIP's commonly-understood purpose in Washington and other states. For example, New York courts have held that the "primary purpose" of PIP and other no-fault insurance is "to assure claimants of ***expeditious compensation*** for their injuries through ***prompt payment*** of first-party benefits without regard to fault and without expense to them." *Dermatossian v. New York City Transit Auth.*, 67 N.Y.2d 219, 225, 492 N.E.2d 1200, 1203 (1986). To effectuate this common purpose of PIP, New York courts have held that a refusal to pay no-fault benefits premised on a medical reason, such as lack of reasonableness, necessity, or relatedness, "must be supported by competent evidence, such as an independent medical examination or peer review, or other proof, which sets forth a factual basis and a ***medical rationale*** for denying the

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 14 of 20

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

**D.    Traveler's Practice of "Suspending" PIP Benefit Payments Before Obtaining a Supporting Medical Opinion Breaches Its Duty of Good Faith to Ms. Young and its Washington Insureds**

An insurer breaches its duty of good faith if it employs unfair or deceptive "methods, acts, or practices" in "the business of insurance." RCW 48.30.010; *Tank v. State Farm Fire & Cas. Co.*, 105 Wn. 2d 381, 386, 715 P.2d 1133 (1986) (RCW 48.30.010 imposes a duty of good faith on insurers). Even a single violation of WAC 284-30 may constitute bad faith. *Kallevig*, 114 Wn.2d at 924. WAC 284-30-300 defines certain minimum standards which insurers must follow. A violation of any one of these provisions constitutes an unfair claims settlement practice and thus a violation of RCW 48.30.010's duty of good faith imposed on insurers. *Kallevig*, 114 Wn.2d at 923; *Tank*, 105 Wn.2d at 386 (violations of WAC 284-30-300 *et seq.* "constitute a breach of an insurer's duty of good faith"); *Anderson v. State Farm Mut. Ins. Co.*, 101 Wn. App. 323, 331, 2 P.3d 1029 (2000). Likewise, WAC 284-30-395 expressly declares that violations of its requirements are "unfair methods of competition and unfair or deceptive acts or practices in the business of insurance."

Here, by refusing to pay PIP benefits based on an IME demand—without obtaining and providing written explanation of a valid medical basis for the refusal—Travelers violated WAC 284-30-295(2) and multiple provisions of WAC 284-30-330. Accordingly, Plaintiff is entitled to summary judgment on the

---

claim." *Forest Rehab. Med. P.C. v. Allstate Ins. Co.*, 44 Misc. 3d 476, 481, 990 N.Y.S.2d 788, 791 (Civ. Ct. 2014) (emphasis added).

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 15 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

duty and breach elements of her common law bad faith cause of action based on this practice.

### E. Traveler's Practice of "Suspending" PIP Benefit Payments Before Obtaining a Supporting Medical Opinion Violates the CPA

The five elements of a CPA claim are: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to the plaintiff; (5) and causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785-90, 719 P.2d 531 (1986). Any violation of the claims handling provisions set forth in WAC 284-30-330 et seq. satisfies the first two elements of a CPA claim. *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 62, 1 P.3d 1167 (2000). Under RCW 48.01.030, the third element is satisfied because the legislature has declared that insurance is a business affected by the public interest. *Ins. Co. of State of Pa. v. Highlands Ins. Co.*, 59 Wn. App. 782, 786, 801 P.2d 284 (1990). Moreover, WAC 284-30-395 expressly defines violations of its requirements as "unfair methods of competition and unfair or deceptive acts or practices in the business of insurance specifically applicable to automobile personal injury protection insurance," satisfying the first three elements. Thus, once a violation of either WAC is demonstrated, the plaintiff need only demonstrate injury and causation.

As discussed above, Travelers's practice of refusing to pay PIP benefits based an IME demand without obtaining and providing notice of a supporting medical opinion violates WAC 284-30-330(3), 330(4), and 395(2). Accordingly, Plaintiff is entitled to summary judgment on the first three elements of her CPA claim based on this theory.

### F. Traveler's Practice of "Suspending" PIP Benefit Payments Before Obtaining a Supporting Medical Opinion Breaches the Insurance Contract

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 16 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Insurance contracts, like all other contracts, incorporate an implied covenant of good faith and fair dealing. *Coventry Associates v. Am. States Ins. Co.*, 136 Wn.2d 269, 281, 961 P.2d 933 (1998). Travelers's unreasonable, bad faith conduct in unlawfully refusing to pay PIP benefits based on an IME demand without obtaining and providing notice of a supporting medical opinion breaches its contracts with its insureds.

### G. Traveler's Practice of "Suspending" PIP Benefit Payments Before Obtaining a Supporting Medical Opinion Violates IFCA

Under IFCA, an insurance policyholder who has been "unreasonably denied a claim for coverage or payment of benefits by their insurer" may file an action for damages. RCW 48.30.015(1). "'[S]ubsection (1) describes two separate acts giving rise to an IFCA claim. The insured must show that the insurer unreasonably denied a claim for coverage *or* that the insurer unreasonably denied payment of benefits. If either or both acts are established, a claim exists under IFCA.'" *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wn 2d 669, 683, 389 P.3d 476 (2017) (quoting *Ainsworth*, 180 Wn. App. at 79).

As discussed above, an insurer's refusal to pay PIP benefits based on mere speculation and conjecture is unreasonable bad faith as a matter of law. Specifically, an insurer's failure to pay PIP benefits on a perceived reasonableness, necessity, or relatedness issue without a valid medical basis—i.e., a supporting medical opinion—is based on speculation and conjecture and unreasonable as a matter of law. Accordingly, Plaintiff is entitled to summary judgment on the issue of whether Travelers violated IFCA.

### H. Traveler's Practice of "Suspending" PIP Benefit Payments Before Obtaining a Supporting Medical Opinion Is Negligent

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 17 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

Finally, an insurer owes a duty to exercise reasonable care with respect to the interest of its insured. *Ramirez-Yanez v. Allstate Ins. Co.*, No. C12-732 MJP, 2013 WL 1499199, at *4 (W.D. Wash. Apr. 11, 2013). Even if an insurer acts in good faith, it is liable to its insured for any proximal negligence. *Ramirez-Yanez*, 2013 WL 1499199, at *4. Negligence requires: (1) a duty to conform to a certain standard of conduct owed to the complaining party; (2) a breach of that duty; and (3) a showing the breach was the proximate cause of the complaining party's injury, and (4) legally compensable damages. *Id.*

Again, as discussed above, Travelers's refusal to pay PIP benefits on a perceived reasonableness, necessity, or relatedness issue without a valid medical basis constitutes unreasonable conduct as a matter of law. Moreover, as Travelers's own bad faith expert, David Mandt, has averred as an insurance industry expert under oath in other proceedings,

> The standards prescribed by the Washington Administrative Code, in my opinion, set forth the minimum standard of care for insurers handling claims in the state of Washington. Accordingly, to whatever extent Hartford's standards do not conform to those set forth in the Washington Administrative Code they are, by definition, unreasonable and fall below the minimum required standard of care.

Cochran Decl. Ex. 17 at 80-81 ¶ 11. Accordingly, because Plaintiff demonstrates violations of multiple WAC provisions based on Traveler's practice, she is entitled to summary judgment on the issues of duty and breach.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to enter an order denying Travelers's motion in its entirety.

/////

/////

/////

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 18 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

RESPECTFULLY SUBMITTED this 3rd day of May, 2019.

       PFAU COCHRAN VERTETIS AMALA PLLC

       By: /s/ Darrell L. Cochran\_\_
       Darrell L. Cochran, WSBA No. 22851
       Loren A. Cochran, WSBA No. 32773
       Christopher E. Love, WSBA No. 42832
       Attorneys for Plaintiffs

       ARMITAGE & THOMPSON, PLLC

       By: /s/ J.J. Thompson_____

       J.J. Thompson, WSBA No. 40462
       Attorneys for Plaintiffs

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 19 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

# CERTIFICATE OF SERVICE

I, **Sarah Awes**, hereby declare under penalty of perjury under the laws of the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I placed for service the foregoing by directing delivery to the following individuals:

Thomas Lether
Eric Neal
Lether & Associates PLLC
1848 West Lake Avenue North, Suite 100
Seattle, WA 98109

*Attorneys for Defendant*

JJ Thompson
ARMITAGE & THOMPSON, PLLC
220 W. Main Avenue
Spokane, WA 99201

*Attorney for Plaintiff*

DATED this 3rd day of May, 2019.

/s/ Sarah Awes_____
Sarah Awes
Legal Assistant

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

No. 2:18-cv-31-RMP | 20 of 20



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654