UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIANE YOUNG, individually<br><br>Plaintiff,<br><br>v.<br><br>THE STANDARD FIRE INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | NO: 2:18-CV-031-RMP<br><br>ORDER DENYING CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR PRE-CERTIFICATION DISCOVERY |

BEFORE THE COURT are cross-Motions for Partial Summary Judgment from Plaintiff Diane Young, ECF No. 90, and Defendant The Standard Fire Insurance Company ("Standard"), ECF No. 86. Also before the Court are Standard's Motion to Dismiss or Strike Class Action Allegations, ECF No. 54, and

Young's Motion to Compel Class Certification Discovery, ECF No. 66.[1]  Having reviewed all materials submitted by the parties, including the supplementary filing on August 14, 2019, having heard oral argument from the parties on August 8, 2019, and having researched the relevant law, the Court is fully informed.

## BACKGROUND

Young's claims arise out of her central contention that Standard, as a subsidiary of Travelers Insurance, wrongfully denied personal injury protection ("PIP") for injuries that Young allegedly sustained in a car accident in May 2017. Young alleges that Standard should not have suspended payment pending investigation of Young's claims and completion of an independent medical examination ("IME"), when her treating physicians already had determined that the treatment she was receiving was reasonable, necessary, and related to the accident in which she was injured.

Several years before the incident upon which this lawsuit is based, Young was injured in an accident on September 12, 2013.  While driving in a wilderness area of Canada, Young lost control of her vehicle, which rolled seven times, and fractured her neck and back.  ECF No. 91 at 58.  Young recovered from her injuries with

---

[1] The Court lifts the stay on resolving these pending motions, since the Court is resolving the Motions for Partial Summary Judgment upon which the stay was based. *See* ECF No. 79.

ORDER DENYING CROSS-MOTIONS FOR PARTIAL SUMMARY
JUDGMENT, GRANTING DEFENDANT'S MOTION TO DISMISS CLASS
ALLEGATIONS, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR
PRE-CERTIFICATION DISCOVERY ~ 2

treatment that included a halo neck brace, massage, acupuncture, physical therapy, chiropractic services, and the care of a physiatrist. *See* ECF No. 97-1 at 153.

The parties dispute whether Young continued to have pain or other symptoms from her 2013 injuries into 2017. Young maintains that by January 11, 2017, she reported to her new primary care provider, Nurse Practitioner Mary Bachko, that she was experiencing nothing more than tension in her upper-mid back as a residual symptom from her 2013 injuries. ECF No. 98 at 4. Standard emphasizes that the records from the January 11 appointment with Nurse Practitioner Bachko indicate that "chronic back pain" was a problem for Young at the time of her new patient appointment. *See* ECF No. 89 at 5. However, the deposition testimony of Nurse Practitioner Bachko clarifies that Young did not tell her that she had chronic back pain; rather, Young only informed Bachko that she had "upper mid-back tenseness on occasion." ECF No. 97-1 at 153.

On May 11, 2017, Young was involved in an accident in which she was rear-ended at low speed by a pickup truck. ECF Nos. 91 at 54; 97-1 at 63. On May 17, 2017, Young reported the collision to Standard and conveyed that she was experiencing pain in her neck, back, low back, shoulders, sternum, and a toe on her left foot. ECF No. 91 at 55−56. Young told Standard that she had fully recovered from her 2013 accident by May 11, 2017, and that she "had no pain" from her prior accident at the time that she was rear-ended. *Id.* at 58. Young characterized her

ORDER DENYING CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR PRE-CERTIFICATION DISCOVERY ~ 3

level of pain due to the May 2017 accident, at the time of the May 17 phone call, as a "7 or 8" on a 10-point scale. *Id.* at 57.

At the time of Young's May 2017 accident, her automobile insurance policy with Standard covered personal injury protection ("PIP") subject to a $35,000.00 limit for medical and hospital expenses. ECF No. 91 at 45−46. The policy provided for benefits to the insured for "bodily injury," which, by definition, was "caused" by the accident and arose out of "the ownership, maintenance or use of a 'motor vehicle' as a 'motor vehicle.'" ECF No. 91 at 50, 85. The benefits included "[a]ll reasonable and necessary expenses incurred within three years from the date of the accident for . . . [m]edical . . . services." *Id.* at 50.

Following the accident, Young incurred $1000 in urgent care expenses and began treatment with chiropractor Jamie Gore, D.C., on May 17, 2017. ECF Nos. 97-1 at 42; 88-12 at 8. The claims adjuster initially earmarked PIP medical benefits reserves for the urgent care treatment and up to two chiropractic treatment sessions per week for up to twelve weeks. ECF No. 97-1 at 68. On June 8, 2017, the claims adjuster noted that Young reported ongoing neck pain that she was treating with acupuncture and massage, in addition to continued chiropractic treatment. *Id.* at 67. On July 14, 2017, the claims adjuster added up to two acupuncture treatment sessions per week for up to eight weeks to the benefits reserve and made a note that the chiropractic treatment records indicated that "all areas are complicated by prior

injury." *Id.* at 66−67. Nonetheless, during July and August 2017, Standard continued to increase the reserve amount based on information it received from Young and her treatment providers regarding her treatment plan and symptoms. *See* ECF No. 97-1 at 63−67.

However, on September 8, 2017, Standard's claims adjuster informed Young that the insurer was suspending its payment of PIP benefits as of September 18, 2017, and requesting that Young submit to an independent medical examination ("IME"). ECF No. 97-1 at 63. The letter that Standard sent to Young dated September 8, 2017, informed Young that Standard was requesting to schedule an IME "to determine if the treatment [Young was] receiving is reasonable, necessary, and related to [the accident on May 11, 2017]." ECF No. 88-9 at 2. The letter further stated:

> A medical authorization form is being sent to you at this time with a provider list form. Upon receipt of the completed unrestricted and signed medical authorization and the provider form, [Standard] will request your current and prior medical records. Upon receipt of the records, an [IME] will be scheduled.
>
> Please be advised until we have an opportunity to determine if your treatment is reasonable, necessary and related to the accident referenced above, [Standard] will handle your [PIP] claim under a reservation of rights.

*Id.*

The parties dispute the reasons that the IME was not scheduled in fall 2017, with Young asserting that Standard could have scheduled the IME before receiving her prior medical records and Standard attributing the delay to Young's initially limited medical release and scheduling conflicts involving both Young and the examining practitioners. ECF Nos. 97 at 5; 105 at 15. However, it suffices for purposes of the present motions to acknowledge that the IME did not occur between September 2017 and the end of that year.

Young filed a Complaint in Spokane County Superior Court on January 9, 2018, contesting the alleged denial of benefits. ECF No. 1. Young alleged individual claims that Standard violated the Washington Consumer Protection Act by violating certain provisions of the Washington Administrative Code and violated the Insurance Fair Conduct Act by allegedly unreasonably denying coverage to her. ECF No. 1-2. Young further alleged claims of breach of contract, negligence, and negligent and intentional infliction of emotional distress. *Id.*

Young underwent an IME on approximately January 21, 2018, with James Snyder, D.C.. ECF No. 88-11. In addition, an acupuncturist, Melissa Minoff, N.D., and a physiatrist, Lee Robertson, D.O. completed a records review on approximately February 1, 2018. ECF No. 88-12. Dr. Snyder opined that chiropractic treatment was no longer reasonable, necessary, or related to the May 11 accident after August 17, 2017. ECF No. 88-11 at 26. Dr. Minoff concluded that acupuncture treatment
ORDER DENYING CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR PRE-CERTIFICATION DISCOVERY ~ 6

for Young's treatment related to her May 11 accident was reasonable up until December 4, 2017. ECF No. 88-12 at 23. Dr. Robertson found that "any treatment including physical therapy and trigger point injections" were medically reasonable and necessary "up until 90 days past the date of the motor vehicle accident[,]" meaning approximately August 9, 2017. *Id.* at 26.

In a letter dated February 16, 2018, Standard terminated PIP coverage for Young related to the May 11 accident and advised Young that Standard would pay for chiropractic care, massage therapy, and physical therapy expenses incurred by September 18, 2017, and acupuncture up until December 4, 2017. ECF No. 88-13 at 4.

Standard removed Young's Complaint from Spokane County to this Court based on diversity jurisdiction on January 24, 2018. ECF No. 1. On September 4, 2018, the Court granted Plaintiff leave to amend her complaint. ECF No. 31. Plaintiff filed an Amended Complaint on September 13, 2018, alleging putative damages, declaratory relief, and injunctive relief classes consisting of individuals who were allegedly "subjected to Travelers' wrongful withholding of PIP benefits," defined as:

> All persons in the State of Washington who: (1) were insured by Travelers; (2) paid premiums for PIP coverage by Travelers; (3) submitted PIP claims to travelers [sic] for payment; and (4) from whom Travelers wrongfully withheld payment of PIP benefits without first

ORDER DENYING CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR PRE-CERTIFICATION DISCOVERY ~ 7

providing notice fully compliant with WAC 284-30-395 and/or pending a physical examination.

ECF No. 38 at 13−14.

Defendant moved to dismiss or strike Plaintiff's class action allegation on September 27, 2018. ECF No. 54. On November 30, 2018, Plaintiff moved to compel pre-certification class-related discovery. ECF No. 66. The Court heard oral argument from the parties on both motions on December 18, 2018, and at the conclusion of the hearing, the Court determined that it was appropriate to stay resolution of the Motion to Dismiss or Strike and the Motion to Compel to allow the Court to resolve the issue of liability for suspension of PIP benefits without an IME or pending an IME through cross-motions for summary judgment. *See* ECF No. 80 at 48−49. The parties filed their partial summary judgment motions on May 3, 2019, and set them for oral argument on August 8, 2019.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect

the outcome of the suit under the governing law." *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. If the moving party meets this challenge, the burden shifts to the nonmoving party to "set out specific facts showing a genuine issue for trial." *Id.* at 324 (internal quotations omitted). "A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). In deciding a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *T.W. Elec. Serv., Inc. v. Pacific Electric Contractors Ass'n*, 809 F.2d 626, 631–32 (9th Cir. 1987). Courts evaluate cross-motions for summary judgment separately under the same standard. *Am. Civil Liberties Union of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003).

## JURISDICTION

This case is before the Court on the basis of federal question jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Before Plaintiff added class allegations in her Amended Complaint, the matter was before the Court on diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

## DISCUSSION

ORDER DENYING CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR PRE-CERTIFICATION DISCOVERY ~ 9

*Cross-Motions for Partial Summary Judgment*

Young's primary contention is that Standard violates a Washington insurance regulation, and acts in bad faith, when its claims adjusters suspend payment of benefits based on their own review of claimants' medical records, without first obtaining a medical opinion. *See* ECF No. 106 at 2−3. Young also alleges that Standard "refused to schedule the 'IME' until Standard obtained all of Plaintiff's prior treatment records[,]" ECF Nos. 38 at 5; 97 at 5, and questions why Standard did not issue its suspension earlier, since the insurer's records indicate concerns regarding the medical bills allegedly as early as June 2017. ECF No. 97 at 4.

By contrast, Standard maintains that suspending payment of PIP benefits pending the results of an IME is not a per se, actionable violation of the Washington insurance regulations. ECF No. 100 at 2. Standard further highlights that the IME was delayed because Young had limited the scope of her medical release at the outset of her claim, and both Young and the reviewing medical professionals expressed limited availability when scheduling the IME. ECF No. 86 at 20.

The Washington Administrative Code ("WAC") provision at issue for Plaintiff's individual and class claims is WAC § 284-30-395, which is premised on the finding that "some insurers limit, terminate, or deny coverage for personal injury protection insurance without adequate disclosure to insureds of their bases for such actions." The provision goes on to enumerate several standards an insurer must

satisfy when it relies on the medical opinion of a health care professional to deny, limit, or terminate medical claims. WAC § 284-30-395.  Violations of any of the standards constitute "unfair methods of competition and unfair or deceptive acts or practices in the business of insurance specifically applicable to automobile personal injury protection insurance." *Id.*  Young alleges that Standard violated the second standard:

> *Within a reasonable time after an insurer concludes that it intends to deny, limit, or terminate an insured's medical and hospital benefits, the insurer shall provide an insured with a written explanation that describes the reasons for its action* and copies of pertinent documents, if any, upon request of the insured.  *The insurer shall include the true and actual reason for its action as provided to the insurer by the medical or health care professional with whom the insurer consulted* in clear and simple language, so that the insured will not need to resort to additional research to understand the reason for the action.  A simple statement, for example, that the services are 'not reasonable or necessary' is insufficient.

WAC § 284-30-395(2) (emphasis added); *see* ECF No. 106 at 8.

Plaintiff relies heavily on a Western District of Washington summary judgment order for her assertion that Standard's suspension of PIP benefits pending an IME constitutes bad faith and an unfair practice as a matter of law.  *See* ECF No. 90 at 10 (discussing at length *McGee-Grant v. Am. Family Mut. Ins.*, 157 F. Supp. 3d 939 (W.D. Wash. 2016)); *see also* ECF No. 80 (oral argument transcript from December 18, 2018 hearing).  Having reviewed *McGee-Grant* in its entirety, the Court finds the order devoid of authoritative support for Plaintiff's position.  Most

ORDER DENYING CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR PRE-CERTIFICATION DISCOVERY ~ 11

significantly, there is no reference at all to the WAC provision that Plaintiff maintains Defendant violated, WAC § 284-30-395. In addition, the discussion in *McGee-Grant* that precedes a conclusion that the insurer acted in bad faith by finding a relatedness issue without a medical basis is specifically fact dependent. *See* 157 F. Supp. at 944. Indeed, the only other court to cite *McGee-Grant* did so in the context of finding the *McGee-Grant* holding to depend on the context of that case. *See Bridgham-Morrison v. Nat'l Gen. Assurance Co.*, No. C15-927RAJ, 2016 WL 2739452, 2016 U.S. Dist. LEXIS 62433, at *18 (W.D. Wash. May 11, 2016) (finding in that case that the insurer did not act in bath faith and had conducted a reasonable investigation). Washington state case law further supports that there is a factual question as to whether suspending PIP benefits pending an IME was reasonable and in good faith. *See Albee v. Farmers* 92 Wn. App. 866, 868 (Wash. Ct. App. 1998) (finding insurer's conduct reasonable where insured did not attend two scheduled IMEs).

Plaintiff's class claim and individual claims regarding suspension of the PIP benefits pending an IME take issue with the short-term allocation of the cost of medical expenses, arguing at oral argument that, as a matter of law, the insurer must continue to pay the benefits pending the IME and may recover erroneously paid benefits from the insured after an adverse final determination. Plaintiff insists that suspension legally amounts to denial because Defendant's own claims adjusters

testified in their depositions that they deny all bills after suspending PIP benefits until after the IME is complete. ECF No. 97 at 4. Plaintiff repeatedly emphasizes that the claims adjusters lacked the technical expertise to be able to suspend benefits on the basis the medical care is not related, reasonable, or necessary. *See* ECF No. 90 at 4.

These arguments are unavailing considering the dearth of authority supporting Plaintiff's primary position. The Court finds a meaningful distinction between deciding that a medical opinion is needed and impermissibly rendering a lay determination of medical reasonableness, necessity, or relatedness, and none of the relevant caselaw erases that distinction. Furthermore, Plaintiff's interpretation of the WAC could result in Plaintiff's deliberate delay in participating in an IME with the sole purpose of forcing the insurance company to continue payments for treatments that might be determined to be unnecessary once the IME is complete.

Suspension is not necessarily denial for purposes of WAC § 284-30-395. An insurer may rely on a medical opinion of health care professionals to deny, limit, or terminate benefits for medical expenses that are not reasonable, necessary, or related to the accident. WAC § 284-30-395. Securing that medical opinion may take some time, and it becomes a question of fact as to whether under a different WAC provision referred to by the parties, WAC § 284-3-330, the insurer's investigation of the insured's claim was reasonable. *See Bryant v. Country Life Ins. Co.*, 414 F.

ORDER DENYING CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR PRE-CERTIFICATION DISCOVERY ~ 13

Supp. 2d 981, 997 (W.D. Wash. 2006) (quoting *Am. States Ins. Co. v. Symes of Silverdale, Inc.*, 150 Wn.2d 462, 78 P.3d 1266, 1270 (Wash. 2003)) (observing that "[o]rdinarily, '[w]hether an insurer acted in bad faith is a question of fact.'").

There is no dispute that Standard withheld payment of Young's medical bills pending an IME and that Standard's claims handling policies allowed the adjuster to do so. However, Plaintiff's assertion that those undisputed facts demonstrate a violation of WAC § 284-30-395 or constitute bad faith is not supported by the caselaw upon which Plaintiff relies. Simply put, there is no basis to find that Standard violated WAC §284-30-395, or demonstrated bad faith, simply by sending Young a suspension letter and requesting an IME. By contrast, questions of material fact persist regarding whether Defendant's investigation of Plaintiff's claim was "reasonable" under WAC § 284-30-330 in that it is disputed as to whether Standard unreasonably delayed requesting an IME or took other actions amounting to bad faith or unfair conduct. Accordingly, both Motions for Partial Summary Judgment shall be denied.

### *Dismissal of Plaintiff's Class Allegations and Plaintiff's Efforts to Obtain Pre-Certification Discovery*

Plaintiff seeks to compel from Defendant responses and documents relating to whether Defendant has "engaged in a common policy or practice of suspending payment of [PIP] to putative class members on the basis of its bare requests for an

ORDER DENYING CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR PRE-CERTIFICATION DISCOVERY ~ 14

[IME] instead of first obtaining and providing notice of medical opinion from an actual medical or health professional with whom the insurer consulted supporting the suspension." ECF No. 66 at 1−2. Defendant seeks to dismiss Plaintiff's class allegations on the basis that there is no legal foundation upon which they may proceed. ECF No. 54.

Complaints filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To certify a class action under Federal Rule of Civil Procedure 23, a plaintiff must show that: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In addition, the plaintiff must demonstrate that one of the requirements of Rule 23(b) is met, such as the predominance requirement that the parties agree is at issue in this matter, *see* ECF Nos. 66 at 1; 54 at 4, requiring that "questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

ORDER DENYING CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR PRE-CERTIFICATION DISCOVERY ~ 15

Class allegations in a complaint are commonly tested on a motion for class certification, not at the pleading stage. *Collins v. GameStop Corp.,* No. C10-1210-TEH, 2010 U.S. Dist. LEXIS 88878, 2010 WL 3077671, at *2 (N.D. Cal. Aug. 6, 2010). Correspondingly, motions to dismiss or strike class allegations are disfavored, particularly where the arguments against the class claims would benefit from discovery or would otherwise be more appropriate in a motion for class certification. *Holt v. Globalinx Pet LLC*, No. SACV13-0041 DOC JPRX, 2013 U.S. Dist. LEXIS 108009, 2013 WL 3947169, at *3 (C.D. Cal. July 30, 2013); *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008).

Nevertheless, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Applying a strict standard requiring that "any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed," courts may strike class allegations from a complaint. *In re iPad Unlimited Data Plan Litig.*, 2012 WL 2428248, 2012 U.S. Dist. LEXIS 88413, at *7 (N.D. Cal. June 26, 2012); *see Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (determining, based on the language of the complaint and prior to discovery or a motion for class certification, that there was no class to certify).

Although Plaintiff filed her motion to compel pre-certification discovery at a relatively early stage in this litigation, since that time the parties have engaged in a substantive exchange of arguments, with a corresponding distillation of issues, that has been absent in cases in which courts have declined to address challenges to a putative class's viability at the pleading stage. *See Ellis v. Experian Info. Sols., Inc.*, No. 17-cv-7092-LHK, 2018 WL 3036682, 2018 U.S. Dist. LEXIS 102609, at *20 (N.D. Cal. Jun. 19, 2018) (denying motion to strike class allegations at pleading stage to provide "both parties the opportunity to further develop their arguments and engage in discovery."). Plaintiff has not alleged with specificity claims that are representative of Plaintiff's putative class, and, most critically, Plaintiff's legal basis for predominance is not grounded in law. Allowing discovery would "permit a fishing expedition." *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, No. SACV 14-1093 AG, 2015 WL 12912337, 2015 U.S. Dist. 194080, at *13 (C.D. Cal., Mar. 16, 2015). Accordingly, Plaintiff's class allegations shall be dismissed without prejudice while Plaintiff's individual claims shall be allowed to proceed, and Plaintiff's Motion to Compel shall be denied as moot.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 90**, is **DENIED**.

2. Defendant's Motion for Partial Summary Judgment, **ECF No. 86**, is **DENIED**.

3.   Defendant's Motion to Dismiss Class Action Allegations, **ECF No. 54**, is **GRANTED**.

4.   Plaintiff's Motion to Compel Class Certification Discovery, **ECF No. 66**, is **DENIED AS MOOT**.

5.   The Courtroom Deputy shall schedule a status conference with the parties to reestablish a trial schedule to resolve Plaintiff's individual claims.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** September 30, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge