FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 15, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIANE YOUNG, individually<br><br>                   Plaintiff,<br><br>   v.<br><br>THE STANDARD FIRE INSURANCE COMPANY, a foreign insurance company,<br><br>                   Defendant. | NO: 2:18-CV-31-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT, without oral argument, is Plaintiff Diane Young's Motion for Reconsideration and Certification to the Washington State Supreme Court, ECF No. 113. Having considered the parties' submissions regarding the motion, ECF Nos. 113, 114, and 116, the remaining record, and the relevant law, the Court is fully informed.

The Court incorporates by reference the detailed summary of the factual and procedural background of this case set forth in the Court's September 30, 2019 Order Denying Cross-Motions for Partial Summary Judgment, Granting Defendant's

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

Motion to Dismiss Class Allegations, and Denying as Moot Plaintiff's Motion for Pre-Certification Discovery, ECF No. 111 ("September 30 Order"). In that Order, the Court found that Plaintiff had not established that merely withholding payment of Young's medical bills pending an independent medical examination ("IME"), and having claims handling policies that authorized adjusters to do so, violated Washington Administrative Code ("WAC") § 284-30-395 and constituted bad faith as a matter of law. Rather, the Court found that the caselaw upon which Plaintiff relied supports that the determination of whether suspending personal injury protection ("PIP") benefits was reasonable and in good faith is fact dependent. ECF No. 111 at 12.

Ultimately, the Court found that neither Plaintiff nor Defendant was entitled to partial summary judgment because questions of material fact persist regarding whether Defendant's investigation of Plaintiff's claim was reasonable and whether Defendant unreasonably delayed requesting an IME or took other actions amounting to bad faith. *Id.* at 14. As a result, Plaintiff's class allegations were deficient because she had not alleged with specificity how her claims were representative of the putative class. In addition, Plaintiff's theory of predominance was based on the unsupported assertion that withholding payment of PIP benefits pending an IME was a per se violation of Washington insurance law. *Id.* at 17.

Plaintiff now seeks to certify the following questions to the Washington State Supreme Court:

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2

1. Does an insurer's "suspension" of Personal Injury Protection ("PIP") benefits constitute a "denial, limitation, or termination" of medical and hospital services under WAC 284-30- 395?

2. When a PIP insurer desires to deny, limit, or terminate PIP benefits by consulting a medical or health care professional to dispute the reasonableness, necessity, or relatedness of medical and hospital services, does WAC 284-30-395(2) require the PIP insurer continue paying properly submitted claims until the date that the PIP insurer provides the insured with a notice that states, in clear and simple language, the true and actual reasons for nonpayment as provided to the insurer by the medical or health care professional with whom the insurer consulted?

3. Does a PIP insurer breach its duty of good faith as a matter of law when it suspends payment of PIP benefits pending its future consultation with a medical or health care professional?

ECF No. 113 at 2.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. V. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Legitimate purposes for a motion for reconsideration do not include raising evidence or argument for the first time that "could reasonably have been raised earlier in the litigation." *Marlyn*, 571 F.3d at 880. A motion for reconsideration "should not be granted, absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (internal quotation omitted).

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

Certification is appropriate in Washington when, "in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of [Washington] in order to dispose of such proceeding and the local law has not been clearly determined."" Revised Code of Washington ("RCW") § 2.60.020. Therefore, the Ninth Circuit has "certified a question to the Washington Supreme Court where a question of law has not been clearly determined by the Washington Courts, and the answer to the question is outcome determinative." *Centurion Props. III, LLC v. Chi. Title Ins. Co.*, 793 F.3d 1087, 1090 (9th Cir. 2015) (internal quotations omitted).

Certification is intended to save "time, energy and resources" and promote "a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). The district court may exercise its "sound discretion" over the decision to certify a question to a state supreme court. *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003).

Plaintiff argues that the Court incorrectly ruled against Plaintiff even though the state law was unsettled. *See* ECF No. 113 at 2–3. Therefore, Plaintiff's argument for reconsideration rests on the appropriateness of certification of the above-recited questions to the Washington Supreme Court. However, Plaintiff has not shown that the questions turn on a legal ambiguity, rather than on a fact-based inquiry into the context of the denial of an insured's benefits. As the Court found,

the law upon which Plaintiff relied supported that the relevant inquiry is fact dependent. *See* ECF No. 111 at 14.

Furthermore, Plaintiff offers no reason for failing to request certification prior to or during the two extensive oral argument hearings that the Court held in this matter regarding the dispositive motions on December 18, 2018, and August 8, 2019. In the Ninth Circuit, motions seeking certification that are filed "after the moving party has failed to avail itself of a prior opportunity to seek certification" are disfavored. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013) (citing *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008)). Motions for certification after an adverse summary judgment decision are "generally inappropriate . . . because '[a] party should not be allowed a second chance at victory through certification.'" *Id.* at 1109 (quoting *Thompson*, 547 F.3d at 1065) (internal quotation omitted)).

In this case, Plaintiff moved for certification only after the issues in dispute were resolved in Defendant's favor. In her summary judgment briefing, Plaintiff made no arguments about legal ambiguity. Plaintiff has not demonstrated that the Washington law concerning the issue in this case "has not been clearly determined," RCW § 2.60.020, only that a more extensive factual record needs to be developed prior to resolving Plaintiff's individual case. Therefore, the Court finds that reconsideration and certification are not appropriate.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, **ECF No. 113**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** November 15, 2019.

                               *s/ Rosanna Malouf Peterson*
                               ROSANNA MALOUF PETERSON
                                  United States District Judge