1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

3

Jun 12, 2020

4

SEAN F. McAVOY, CLERK

5               UNITED STATES DISTRICT COURT

6               EASTERN DISTRICT OF WASHINGTON

7    DIANE YOUNG, individually

                                            NO:  2:18-CV-31-RMP
8                          Plaintiff,

                                            ORDER RESOLVING MOTION FOR
9         v.                                PARTIAL SUMMARY JUDGMENT

10   THE STANDARD FIRE
     INSURANCE COMPANY, a foreign
11   insurance company,

12                         Defendant.

13

14        BEFORE THE COURT is a Motion for Partial Summary Judgment by

15   Defendant Standard Fire Insurance Company.  ECF No. 121.  Having reviewed the

16   briefing, the remaining record, the relevant law, and having heard oral argument, the

17   Court is fully informed.

18                            **BACKGROUND**

19        The Court previously recited much of the relevant background in its prior

20   summary judgment order, but repeats some of the history to the extent necessary to

21   resolve the present motion.  *See* ECF No. 111.  Plaintiff has alleged the following

     ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY
     JUDGMENT ~ 1

claims: (1) violation of Revised Code of Washington ("RCW") 48.17 et seq. and

related Washington Administrative Code ("WAC") provisions; (2) violation of the

Washington Consumer Protection Act ("CPA"), RCW 19.86 et seq.; (3) breach of

contract; (4) declaratory relief; (5) insurance bad faith; (6) violations of

Washington's Insurance Fair Conduct Act  ("IFCA"), RCW 48.30.010−.015; (7)

negligence; (8) injunctive relief; and (9) negligent and intentional infliction of

emotional distress.  ECF No. 38 (First Amended Complaint).

The Court previously dismissed Plaintiff's class allegations in the Amended

Complaint, but denied Defendant's prior summary judgment motion on the basis that

there is a dispute of fact whether Defendant unreasonably delayed requesting an

IME or took other actions amounting to bad faith or unfair conduct.  ECF No. 111 at

13−14.  The dispute is material because it will determine whether Defendant's

investigation of Plaintiff's claim was "reasonable" under WAC § 284-30-330 for

purposes of Plaintiff's breach of contract, CPA, and bad faith claims, which are all

based on Plaintiff's contention that Defendant violated the WAC.  *See id*.; ECF No.

38.  In this motion, Defendant moves only for summary judgment on Plaintiff's

IFCA, injunctive relief, and intentional infliction of emotional distress, or outrage,

claims.  ECF No. 129 at 9.

Plaintiff's claims arise out of her central contention that Defendant wrongfully

denied personal injury protection ("PIP") for injuries that Young allegedly sustained

in a car accident in May 2017.  Plaintiff alleges that Defendant should not have

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

1   suspended payment pending investigation of Plaintiff's claims and completion of an

2   independent medical examination ("IME"), when her treating physicians already had

3   determined that the treatment she was receiving was reasonable, necessary, and

4   related to the accident in which she was injured.

5        Several years before the incident upon which this lawsuit is based, Plaintiff

6   was injured in an accident on September 12, 2013.  While driving in a wilderness

7   area of Canada, Plaintiff lost control of her vehicle, which rolled seven times, and

8   fractured her neck and back.  ECF No. 91 at 58.  Plaintiff recovered from her injuries

9   with treatment that included a halo neck brace, massage, acupuncture, physical

10  therapy, chiropractic services, and the care of a physiatrist.  *See* ECF No. 97-1 at

11  153.

12       The parties dispute whether Plaintiff continued to have pain or other

13  symptoms from her 2013 injuries into 2017.  Plaintiff maintains that by January 11,

14  2017, she reported to her new primary care provider, Nurse Practitioner Mary

15  Bachko, that she was experiencing nothing more than tension in her upper-mid back

16  as a residual symptom from her 2013 injuries.  ECF No. 98 at 4.  Defendant

17  emphasizes that the records from the January 11 appointment with Nurse

18  Practitioner Bachko indicate that "chronic back pain" was a problem for Young at

19  the time of her new patient appointment.  *See* ECF No. 89 at 5.  However, the

20  deposition testimony of Nurse Practitioner Bachko clarifies that Plaintiff did not tell

21

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 3

her that she had chronic back pain; rather, Plaintiff only informed Bachko that she had "upper mid-back tenseness on occasion."  ECF No. 97-1 at 153.

On May 11, 2017, Plaintiff was involved in an accident in which she was rear-ended at low speed by a pickup truck.  ECF Nos. 111 at 3; 91 at 54; and 97-1 at 63. On May 17, 2017, Plaintiff reported the collision to Defendant and conveyed that she was experiencing pain in her neck, back, low back, shoulders, sternum, and a toe on her left foot.  ECF No. 91 at 55−56.  Plaintiff told Defendant that she had fully recovered from her 2013 accident by May 11, 2017, and that she "had no pain" from her prior accident at the time that she was rear-ended.  *Id.* at 58.  At the time of the May 17 phone call, Plaintiff characterized her level of pain due to the May 2017 accident as a "7 or 8" on a 10-point scale.  *Id.* at 57.

At the time of the May 2017 accident, Plaintiff's automobile insurance policy with Defendant covered personal injury protection ("PIP") subject to a $35,000.00 limit for medical and hospital expenses.  ECF No. 91 at 45−46.  The policy provided for benefits to the insured for "bodily injury," which, by definition, was "caused" by the accident and arose out of "the ownership, maintenance or use of a 'motor vehicle' as a 'motor vehicle.'"  ECF No. 91 at 50, 85.  The benefits included "[a]ll reasonable and necessary expenses incurred within three years from the date of the accident for . . . [m]edical . . . services."  *Id.* at 50.

Following the accident, Plaintiff incurred $1000 in urgent care expenses and began treatment with chiropractor Jamie Gore, D.C., on May 17, 2017.  ECF Nos.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

97-1 at 42; 88-12 at 8.  The claims adjuster initially earmarked PIP medical benefits reserve for the urgent care treatment and up to two chiropractic treatment sessions per week for up to twelve weeks.  ECF No. 97-1 at 68.  On June 8, 2017, the claims adjuster noted that Plaintiff reported ongoing neck pain that she was treating with acupuncture and massage, in addition to continued chiropractic treatment.  *Id.* at 67.  On July 14, 2017, the claims adjuster added up to two acupuncture treatment sessions per week for up to eight weeks to the benefits reserve and made a note that the chiropractic treatment records indicated that "all areas are complicated by prior injury."  *Id.* at 66−67.  Nonetheless, during July and August 2017, Defendant continued to increase the reserve amount based on information it received from Plaintiff and her treatment providers regarding her treatment plan and symptoms.  *See* ECF No. 97-1 at 63−67.

However, on September 8, 2017, Defendant's claims adjuster informed Plaintiff that payment of further PIP benefits would be suspended as of September 18, 2017, and requested that Plaintiff submit to an IME.  ECF Nos. 111 at 5; 97-1 at 63.  The letter that Defendant sent to Plaintiff dated September 8, 2017, informed Plaintiff that Defendant was requesting to schedule an IME "to determine if the treatment [Plaintiff was] receiving is reasonable, necessary, and related to [the accident on May 11, 2017]."  ECF No. 88-9 at 2.  The letter further stated:

> A medical authorization form is being sent to you at this time with a provider list form.  Upon receipt of the completed unrestricted and signed medical authorization and the provider form, [Standard] will

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

request your current and prior medical records.  Upon receipt of the records, an [IME] will be scheduled.

Please be advised until we have an opportunity to determine if your treatment is reasonable, necessary and related to the accident referenced above, [Standard] will handle your [PIP] claim under a reservation of rights.

*Id.*

Plaintiff filed a Complaint in Spokane County Superior Court on January 9, 2018, contesting the alleged denial of benefits.  ECF No. 1.  Plaintiff alleged individual that Standard violated the Washington Consumer Protection Act by violating certain provisions of the Washington Administrative Code and violated IFCA by unreasonably denying coverage to her.  ECF No. 1-2.  Plaintiff further alleged claims of breach of contract, negligence, and negligent and intentional infliction of emotional distress.  *Id.*

Plaintiff underwent an IME on approximately January 21, 2018, with James Snyder, D.C.  ECF No. 88-11.  In addition, an acupuncturist, Melissa Minoff, N.D., and a physiatrist, Lee Robertson, D.O., completed a records review on approximately February 1, 2018.  ECF No. 88-12.  Dr. Snyder opined that chiropractic treatment was no longer reasonable, necessary, or related to the May 11 accident after August 17, 2017.  ECF No. 88-11 at 26.  Dr. Minoff concluded that acupuncture treatment for Plaintiff's treatment related to her May 11 accident was reasonable up until December 4, 2017.  ECF No. 88-12 at 23.  Dr. Robertson found that "any treatment including physical therapy and trigger point injections" were

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

medically reasonable and necessary "up until 90 days past the date of the motor

vehicle accident[,]" meaning approximately August 9, 2017.  *Id.* at 26.

On January 24, In a letter dated February 16, 2018, Standard terminated PIP coverage for

Plaintiff related to the May 11, 2017 accident and advised Plaintiff that Defendant

would pay for chiropractic care, massage therapy, and physical therapy expenses

incurred by September 18, 2017, and acupuncture up until December 4, 2017.  ECF

No. 88-13 at 4.

On January 24, 2018, Defendant removed Plaintiff's Complaint from Spokane

County to this Court based on diversity jurisdiction.  ECF No. 1.  On September 4,

2018, the Court granted Plaintiff leave to amend her complaint.  ECF No. 31.

Plaintiff filed an Amended Complaint on September 13, 2018, alleging putative

damages, declaratory relief, and injunctive relief classes consisting of individuals

who were allegedly "subjected to Travelers' wrongful withholding of PIP benefits,"

defined as:

> All persons in the State of Washington who: (1) were insured by
> Travelers; (2) paid premiums for PIP coverage by Travelers; (3)
> submitted PIP claims to travelers [sic] for payment; and (4) from whom
> Travelers wrongfully withheld payment of PIP benefits without first
> providing notice fully compliant with WAC 284-30-395 and/or pending
> a physical examination.

ECF No. 38 at 13−14.

Defendant previously moved for dismissal of Plaintiff's class allegations, and

both parties moved for partial summary judgment.  *See* ECF No. 111.  The Court

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 7

granted Standard's motion to dismiss the class allegations, denied as moot a motion by Young to compel class certification discovery, and denied the parties' cross-motions for partial summary judgment. *Id.*

The Court held that a suspension of benefits pending an IME does not automatically amount to a denial under WAC § 284-30-395 or an act of bad faith. ECF No. 111 at 14. However, the Court found that questions of material fact precluded summary judgment on the issue of whether Standard's "investigation of Plaintiff's claim was 'reasonable' under WAC § 284-30-330 in that it is disputed as to whether Standard unreasonably delayed requesting an IME or took other actions amounting to bad faith or fair conduct." *Id.*

Defendant now moves for summary judgment on Plaintiff's claims for injunctive relief, intentional infliction of emotional distress or outrage, and violation of IFCA. ECF No. 121.

Plaintiff's claim for injunctive relief seeks to enjoin Standard: (1) "from any further acts which violate the Washington Administrative Code or Washington statutes and should further be required to enact procedures which live up to an insurer's legal obligations to perform a full and fair investigation into an insured's claims"; (2) requiring Standard to enact policies and procedures that do not allow its claims adjusters to withhold payment of properly payable PIP claims pending a future physical examination unless or until [Standard] can provided [sic] the insured with the written explanation that complies with WAC 284-30-395(2)

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8

(i.e., one that includes 'the true and actual reason for its action as provided to the insurer by the medical or health care professional with whom the insurer consulted . . .'" (emphasis in Amended Complaint removed); and (3) enjoining Standard "from violating the insurance contract by refusing to pay the claims of Plaintiff . . . [pursuant to her] PIP coverage pending future physical examinations."  ECF No. 38 at 21.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law."  *Id.*  "Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  If the moving party meets this challenge, the burden shifts to the nonmoving party to "set out specific facts showing a genuine issue for trial."  *Id.* at 324 (internal quotations omitted).  "A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment."  *F.T.C. v. Stefanchik*, 559 F.3d 924,

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9

1  929 (9th Cir. 2009).  In deciding a motion for summary judgment, the court must

2  construe the evidence and draw all reasonable inferences in the light most favorable

3  to the nonmoving party.  *T.W. Elec. Serv., Inc. v. Pacific Electric Contractors Ass'n*,

4  809 F.2d 626, 631–32 (9th Cir. 1987).

5  **DISCUSSION**

6  <u>Plaintiff's Request to Strike a Declaration</u>

7  As a preliminary matter, at oral argument Plaintiff asked the Court to

8  disregard or strike a declaration from Dr. Robertson that Defendant submitted with

9  its reply.  *See* ECF No. 129-1.  Plaintiff maintains that Dr. Robertson contradicted

10  his prior deposition testimony and that a party cannot rely on contradictory

11  declarations to evade or secure summary judgment.  The Court denies as moot

12  Plaintiff's oral motion to strike Dr. Robertson's declaration, as the Court does not

13  rely on Dr. Robertson's sworn declaration that he did not base his opinion on a

14  maximum medical improvement standard in resolving Defendant's Motion for

15  Partial Summary Judgment.

16  Moreover, even if the Court were to rely on the declaration, which it does not,

17  the declaration is submitted in rebuttal to arguments that Plaintiff raises in her

18  response.  *See* ECF No. 124 at 9.  Presentation of new evidence in rebuttal of an

19  argument is permissible in a reply memorandum.  *Westmark Dev. Corp. v. City of*

20  *Burien*, No. C08-1727RSM, 2011 U.S. Dist. LEXIS 7354, at *5 (W.D. Wash. Jan.

21  26, 2011) ("Presentation of new evidence in rebuttal of an argument is permissible in

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10

1  a reply memorandum.").  Therefore, Plaintiff's motion, alternatively, should be

2  denied because the declaration is appropriately part of the summary judgment

3  record.

4         <u>Violations of Insurance Fair Conduct Act ("IFCA")</u>

5        A plaintiff claiming that an insurer has violated IFCA must show that: (1) the

6  insurer unreasonably denied payment of benefits or unreasonably denied a claim of

7  coverage; (2) that plaintiff was injured by the insurer's actions; and (3) that the

8  insurer's act or practice was a proximate cause of the injury.  *Perez-Crisantos v.*

9  *State Farm Fire & Cas. Co.*, 187 Wn.2d 669, 683 (Wash. 2017).

10        Defendant maintains that there is no unreasonable denial of insurance

11  benefits, so Plaintiff's claim fails as a matter of law.  ECF No. 129 at 1−2.

12  Defendant further asserts that the Court found in its prior Order, ECF No. 111, that

13  the September 8, 2017 suspension letter pending an IME was not a denial.  *Id.*

14  Defendant adds that Plaintiff acknowledges that the February 16, 2018 denial was

15  reasonable when she agrees that Defendant based its ultimate denial on the medical

16  opinions of three medical professionals that further treatment would not be

17  reasonable, necessary, or related to Plaintiff's 2017 car accident.  *See id.*

18        Plaintiff responds that Defendant's February 16, 2018 denial of benefits was

19  unreasonable under WAC § 284-30-395 as a matter of law because the denials were

20  based on: (1) an opinion by Dr. Robertson that no further treatment of any kind was

21  reasonable or necessary because Ms. Young had reached maximum medical

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 11

1    improvement ("MMI"); and (2) an opinion by Dr. Snyder that chiropractic treatment

2    after August 17, 2017, was not reasonable, necessary, or related to Young's 2017

3    accident because she had reached "baseline/pre-injury" status, an opinion that

4    Plaintiff contends lacked "any validity or foundation sufficient to support summary

5    judgment, as he was completely unable to offer a specific basis for it."  ECF No. 124

6    at 11.  Plaintiff further maintains that a jury must decide the question of whether it

7    was reasonable for Defendant to rely on its own medical opinions, rather than letters

8    from Plaintiff's treating providers that the treatment she was receiving was

9    reasonable, necessary, and related to her accident.  *See id.* at 12−13.

10    After extensive motion practice in this case, the Court does not find a disputed

11    issue of material fact regarding whether Defendant unreasonably denied payment of

12    benefits or unreasonably denied a claim of coverage, in violation of IFCA.  Plaintiff

13    primarily relies on a Western District of Washington decision to avoid summary

14    judgment on her IFCA claim.  ECF No. 124 at 12 (citing *Heide v. State Farm*

15    *Mutual Auto Ins. Co.,* 261 F. Supp. 3d 1104, 1109 (W.D. Wash. 2017).  *Heide*

16    concerned an insured who experienced pain following an accident with an uninsured

17    motorist.  261 F. Supp. at 1106−09.  Approximately three months after the accident,

18    the insured was hospitalized for internal bleeding, and he later requested that the

19    insurer pay him his uninsured motorist policy limit for his resulting expenses.  *Id.*

20    The insurer offered to settle the insured plaintiff's claim for an amount based on the

21    position that the bleeding was not caused by the accident.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 12

In *Heide*, the district court denied the defendant insurer summary judgment on

the IFCA claim because "taking justifiable inferences in the plaintiff's favor,

reasonable minds could differ on the question of whether State Farm's determination

was reasonable given that NSAID use was the only discernable cause of the gastro-

intestinal bleeding identified by plaintiff's medical providers." 261 F. Supp. 3d at

1109. That decision rested upon the medical evidence that the insurer had before it

when it offered to settle the plaintiff's claim based on a determination that the

plaintiff's gastrointestinal bleeding was unrelated to the accident, evidence that

specifically indicated that the cause of the bleeding was unknown. *See id.*

Moreover, the district court noted that no test ruled out that ibuprofen caused the

bleeding, no alternative causes were determined, and the insured plaintiff's treatment

providers posited that ibuprofen was the cause of the bleeding. *Id.*

By contrast, at the time of the February 16, 2018 denial in this case, it is

undisputed that Defendant had before it evidence from Plaintiff's treatment

providers that further treatment was reasonable, necessary, and related to her May

2017 accident as well as contrary opinions from Defendant's medical professionals,

and Defendant chose to rely on its own experts. *See* ECF Nos. 88-11, 88-12, and

125. Unlike *Heide*, causation was not the issue, and Defendant's medical experts

offered opinions that reached the opposite conclusion from Plaintiff's medical

professionals.

1    Even viewing the evidence in the light most favorable to Plaintiff, the

2    evidence supports that Defendant relied on medical opinions to deny further

3    coverage as not reasonable, necessary, nor related to her accident.  As the Ninth

4    Circuit has indicated, an insurer's decision "to credit its own medical expert over

5    [plaintiff's] experts does not establish that it acted in bad faith." *McCall v. State*

6    *Farm Mut. Auto. Ins. Co.*, 799 F. App'x 513, 514 (9th Cir. 2020).  Likewise, the

7    Court finds no authority to support that such a practice qualifies as unreasonable

8    under IFCA.  Plaintiff has not shown that her IFCA claim is viable for trial, and,

9    accordingly, the Court grants Defendant's Motion for Partial Summary Judgment on

10   that claim.

11        Injunctive Relief

12        A plaintiff seeking to obtain injunctive relief must establish: (1) a clear legal

13   or equitable right; (2) a well-grounded fear of immediate invasion of that right by the

14   defendant entity; and (3) the acts of which plaintiff complains are resulting, or will

15   result, in actual and substantial injury to him.  *Nw. Gas Ass'n v. Utils. & Transp.*

16   *Comm'n*, 141 Wn. App. 98, 115 (Ct. App. Div. 2 2007).  "The plaintiff must satisfy

17   these three basic requirements regardless of whether the injunction he seeks is

18   temporary or permanent." *Id.*

19        Plaintiff filed her Amended Complaint on September 13, 2018, seeking to

20   enjoin Defendant from depriving her of payment for all medical treatment that was

21   reasonable, necessary, and related to her accident in violation of RCW 48.22.005(7)

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 14

and WAC 284-30-995(1).  ECF No. 124 at 2.  The Court already found that there is

no basis to support that Defendant violated WAC §284-30-395 by suspending

payment pending an IME.  ECF No. 111 at 13; *see also* ECF No. 119 (Order

Denying Plaintiff's Motion for Reconsideration).  Plaintiff alleges in responding to

the instant motion that Defendant has repeated its "misconduct" by suspending

payment in February 2020 for mental health treatment until completion of an IME.

ECF No. 124 at 3, 7.  However, Plaintiff does not make any showing of a legal or

equitable right under WAC § 284-30-395 that Defendant is infringing.  Moreover,

Plaintiff has made no showing that she lacks an adequate remedy at law.  *See Tyler*

*Pipe Indus. v. State*, 96 Wn.2d 785, 791 (Wash. 1982).  Thus, Plaintiff has failed to

meet her required burden for injunctive relief.  Therefore, the Court grants

Defendant's motion with respect to the injunctive relief claim.

<u>Intentional Infliction of Emotional Distress (Outrage)</u>

To prevail on a claim of outrage, a plaintiff must show (1) extreme and

outrageous conduct, (2) intentional or reckless infliction of emotional distress, and

(3) actual result to plaintiff of emotional distress.  *Lyons v. U.S. Bank Nat'l Ass'n*,

181 Wn.2d 775, 792 (Wash. 2014).   "The tort of outrage will not lie unless the

defendant's conduct is 'so outrageous in character, and so extreme in degree, as to go

beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

intolerable in a civilized community.'"  *Childs v. King County*, No. 50272-7-I, 2003

Wash. App. LEXIS 923, at *16 (Wash. Ct. App. Div. 1 May 12, 2003) (quoting

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 15

1  *Grimsby v. Samson*, 85 Wn.2d 52, 59 (Wash. 1975) (quoting Restatement (Second)

2  of Torts § 46 cmt. d.)).  Plaintiff contends that Defendant's "refusal to pay PIP

3  benefits [was] a cause of her anxiety, PTSD, stress, and emotional distress," for

4  which Plaintiff has received treatment.  ECF No. 124 at 7.  Defendant argues that no

5  view of the facts in this matter supports that Defendant's conduct toward Plaintiff

6  was sufficiently extreme to warrant liability for outrage.  ECF No. 129 at 10−11.

7         Here, Plaintiff's complaint emanates from Defendant's suspension of medical

8  payments pending an IME and verification of Plaintiff's need for further treatment.

9  Viewing the facts in the light most favorable to Plaintiff, the Court found that there

10  is a material dispute of fact as to whether Defendant's investigation of Plaintiff's

11  claim was "reasonable" under WAC § 284-30-330 for purposes of Plaintiff's breach

12  of contract, CPA, and bad faith claims.  *See* ECF No. 111 at 13−14.  However, there

13  are not facts indicating extreme and outrageous conduct to satisfy the first element

14  of an outrage claim.  *See Palmer v. Sentinel Ins. Co.*, No. C12-5444 BHS, 2013 U.S.

15  Dist. LEXIS 121316, at *11 (W.D. Wash. Aug. 26, 2013) (dismissing outrage claim

16  on summary judgment because insured could not show that the insurer's conduct

17  was extreme or outrageous, even if she could show that insurer's investigation and/or

18  coverage decision in this matter were unreasonable, frivolous, or untenable).

19  Therefore, the Court grants Defendant's Motion for Partial Summary Judgment as to

20  Plaintiff's outrage claim.

21

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 16

1    Accordingly, **IT IS HEREBY ORDERED** that:

2        1.  Defendant's Motion for Partial Summary Judgment, **ECF No. 121**, is

3            **GRANTED**.

4        2.  Judgment shall be entered for Defendant on Plaintiff's IFCA,

5            injunctive relief, and intentional infliction of emotional distress, or

6            outrage, claims.

7        **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

8    Order, enter Judgment as directed, and provide copies to counsel.

9        **DATED** June 12, 2020.

10

11                          _s/ Rosanna Malouf Peterson_
                            ROSANNA MALOUF PETERSON
12                          United States District Judge

13

14

15

16

17

18

19

20

21

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 17