FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIANE YOUNG, individually,<br><br>    Plaintiff,<br><br>v.<br><br>THE STANDARD FIRE INSURANCE COMPANY, a foreign insurance company,<br><br>    Defendant. | NO: 2:18-CV-31-RMP<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION |

BEFORE THE COURT, without oral argument, is Plaintiff Diane Young's Second Motion for Reconsideration or Certification to the Washington State Supreme Court, ECF No. 144. Having considered the parties' submissions regarding the motion, ECF Nos. 144, 145, 146, and 147, the remaining record, and the relevant law, the Court is fully informed.

## BACKGROUND

On June 12, 2020, the Court granted Defendant's Motion for Partial Summary Judgment. ECF No. 138. The Court found that, after extensive motion practice in

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

this case, Plaintiff had not shown any disputed issue of material fact regarding whether Defendant unreasonably denied payment of benefits or unreasonably denied a claim of coverage, in violation of the Insurance Fair Conduct Act ("IFCA"). *Id.* at 11−14 ("Even viewing the evidence in the light most favorable to Plaintiff, the evidence supports that Defendant relied on medical opinions to deny further coverage as not reasonable, necessary, nor related to her accident."). The Court further found that Plaintiff had not made any showing that her claims for injunctive relief and intentional infliction of emotional distress should survive summary judgment and granted Defendant partial summary judgment with respect to those claims as well as the IFCA claim. ECF No. 138 at 15−16.

Plaintiff now seeks reconsideration of the Court's partial summary judgment order or, in the alternative, asks the Court to certify the following questions to the Washington State Supreme Court:

> 1. For purposes of the Washington Insurance Fair Conduct Act ("IFCA"), does an insurer act reasonably as a matter of law when it denies, limits, or terminates payment of Personal Injury Protection ("PIP") by crediting its own experts' medical opinions over conflicting medical evidence?
>
> 2. For purposes of IFCA, does a Washington insurer act reasonably as a matter of law when it denies, limits, or terminates payment of PIP benefits based on its own experts' medical opinions that the insured has reached Maximum Medical Improvement ("MMI") or that further care is palliative in nature?

ECF No. 144 at 2.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2

Plaintiff relies on deposition testimony by Plaintiff's insurance bad faith expert, Mary Owen, that "Travelers improperly violated its duty to give equal consideration to Plaintiff's interests by ordering an IME and subsequently terminating PIP payments based on its concern of lack of reimbursement for such payments through subrogation." ECF No. 144 at 4 (citing Dec. 17, 2018 deposition excerpts at ECF No. 145 at 5−13). Plaintiff also argues for reconsideration based on Ms. Owen's testimony that "Travelers acted inappropriately in disregarding the statements from Plaintiff's own medical providers that her treatments were reasonable, necessary, and related to her 2017 accident." *Id.* (citing ECF No. 145).

## LEGAL STANDARDS

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. V. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Legitimate purposes for a motion for reconsideration do not include raising evidence or argument for the first time that "could reasonably have been raised earlier in the litigation." *Marlyn*, 571 F.3d at 880. A motion for reconsideration "should not be granted, absent highly unusual circumstances."

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

1  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (internal quotation

2  omitted).

3       Alternatively, Plaintiff asks the Court to certify Plaintiff's proposed questions

4  of law to the Washington State Supreme Court. ECF No. 144 at 2, 9. Certification

5  is appropriate in Washington when, "in the opinion of any federal court before

6  whom a proceeding is pending, it is necessary to ascertain the local law of

7  [Washington] in order to dispose of such proceeding and the local law has not been

8  clearly determined." Revised Code of Washington ("RCW") § 2.60.020. Therefore,

9  the Ninth Circuit has "certified a question to the Washington Supreme Court where a

10  question of law has not been clearly determined by the Washington Courts, and the

11  answer to the question is outcome determinative." *Centurion Props. III, LLC v. Chi.*

12  *Title Ins. Co.*, 793 F.3d 1087, 1090 (9th Cir. 2015) (internal quotations omitted).

13       Certification is intended to save "time, energy and resources" and promote "a

14  cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

15  The district court may exercise its "sound discretion" over the decision to certify a

16  question to a state supreme court. *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082,

17  1087 (9th Cir. 2003).

18       Plaintiff argues that the Court incorrectly interpreted Washington

19  Administrative Code ("WAC") 284-30-395(2) because, according to Plaintiff, the

20  regulation's plain language does not provide insurers with "a legal 'safe harbor'

21  when they 'rely' on a medical opinion to deny PIP benefits, despite flaws with those

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4

1  opinions or conflicting evidence." ECF No. 147 at 2.  Defendant responds to
2  Plaintiff's Motion for Reconsideration or Certification by arguing that the excerpts
3  from Ms. Owen's deposition should be stricken because the deposition was
4  completed over a year before Plaintiff responded to Defendant's Partial Summary
5  Judgment Motion.  ECF No. 146 at 3.   Defendant further argues that Plaintiff's
6  Motion does not satisfy the high standards for reconsideration or certification.  *Id.* at
7  3–11.
8        As a preliminary matter, the Court declines Defendant's request to strike the
9  Owens deposition excerpts from the docket, as the Court finds it appropriate to
10 consider the excerpts to determine whether they present any newly discovered
11 evidence for purposes of the motion for reconsideration standard.
12       Turning to the merits of Plaintiff's Motion for Reconsideration or
13 Certification, at this stage in the litigation, the Court has considered Plaintiff's
14 arguments that Defendant wrongfully withheld PIP benefits under WAC 284-
15 30-395(2) repeatedly and from multiple angles, by resolving three partial
16 summary judgment motions and a prior motion for reconsideration.  *See* ECF
17 No. 138 at 8, 11–14.  Plaintiff's argument for clear error and certification are
18 arguments that the Court already has considered.  *Id.*  Accordingly, the Court
19 does not find clear error to justify reconsidering the Partial Summary
20 Judgment Order here.  Likewise, the Court does not find that the deposition
21 excerpts from Ms. Owen support reconsideration because they are not newly

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 5

1 discovered evidence, as Plaintiff had secured that testimony over fourteen
2 months before the Partial Summary Judgment motion was briefed.  *See* ECF
3 Nos. 124 and 145.  Plaintiff does not set forth why she could not have relied
4 on this evidence prior to the present Motion.

5 Moreover, the testimony upon which Plaintiff relies is conclusory and
6 is of too limited probative value for the evidence to have supported a material
7 question of fact at summary judgment.  Plaintiff relies on Ms. Owen's opinion
8 that "Travelers improperly violated its duty to give equal consideration to
9 Plaintiff's interests" and "acted inappropriately in disregarding the statements
10 from Plaintiff's own medical providers that her treatments were reasonable,
11 necessary, and related to her 2017 accident."  ECF No. 144 at 4 (citing ECF
12 No. 145 at 5−13).  To defeat summary judgment, expert opinion must be more
13 than a conclusory assertion about ultimate legal issues.  *See Walton v. U.S.*
14 *Marshals Serv.*, 492 F.3d 998, 1008 (9th Cir. 2007) (conclusory expert report
15 fails to raise a genuine issue of material fact); *Reno v. United States*, No. CV
16 02-00808 MEA-K, 2007 U.S. Dist. LEXIS 10890, at *10 (D. Haw. Jan. 15,
17 2007).

18 With respect to Plaintiff's second motion for certification of questions to the
19 Washington Supreme Court, Plaintiff again has not shown that the questions turn on
20 a legal ambiguity, rather than on a fact-based inquiry into the context of the denial of
21 an insured's benefits.  *See* ECF Nos. 111 at 14; 138 at 11−14 (comparing the

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 6

1  circumstances of Defendant's denial of coverage with the circumstances in a case
2  relied on by Plaintiff).  Plaintiff has not shown how state law is ambiguous with
3  respect to the issues resolved by the Partial Summary Judgment Order in this case.
4  *See* RCW § 2.60.020.
5        Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for
6  Reconsideration or Certification, **ECF No. 144**, is **DENIED**.
7        **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this
8  Order and provide copies to counsel.
9        **DATED** September 28, 2020.

            *s/ Rosanna Malouf Peterson*
           ROSANNA MALOUF PETERSON
             United States District Judge