1
2
3
4
5

Thomas Lether, WSBA #18089
Eric J. Neal, WSBA #31863
1848 Westlake Ave N., STE 100
Seattle, WA 98109
P: 206-467-5444 F: 206-467-5544
tlether@letherlaw.com
eneal@letherlaw.com

HON. ROSANNA MALOUF PETERSON

6
7
8

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

9
10
11
12
13
14
15
16

DIANE YOUNG, individually,

Plaintiff,

vs.

THE STANDARD FIRE
INSURANCE COMPANY, a foreign
insurance company,

Defendant.

No.  2:18-CV-031-RMP

**DEFENDANT THE STANDARD
FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF
YOUNG'S MOTIONS IN LIMINE**

17
18
19

Defendant The Standard Fire Insurance Company (hereinafter "Travelers")
submits the following Opposition to Plaintiff Diane Young's Motions in Limine.

20

## I.    MOTION TO STRIKE

21
22
23

Travelers asks that the Court strike Plaintiff's Motions in Limine because
they are nothing more than a thinly veiled third inappropriate, cumulative, and
untimely attempt to have this Court reverse its prior rulings. This Court has

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 1

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

already thoroughly considered and rejected Plaintiff's arguments on numerous

occasions as illustrated by this Court's September 28, 2020 Order Denying

Plaintiff's Second Motion for Reconsideration where this Court stated:

> Turning to the merits of Plaintiff's Motion for Reconsideration
> or Certification, at this state of litigation, **the Court has**
> **considered Plaintiff's arguments that Defendant**
> **wrongfully withheld PIP benefits under WAC § 284-30-**
> **395(2) repeatedly and from multiple angles**, by resolving
> three partial summary judgment motions and a prior motion for
> reconsideration. *See* ECF No. 138 at 8, 11-14. Plaintiff's
> argument for clear error and certification are arguments that
> the Court has already considered. *Id.* **The Court does not find**
> **clear error to justify reconsidering the Partial Summary**
> **Judgment Order here.**

ECF No. 148 p. 5 (emphasis added).

Despite the Court's clear rulings, Plaintiff yet again raises the same

arguments. As the following chart makes clear, the arguments raised in Plaintiff's

Motions in Limine have largely been argued, ruled upon, and rejected by this

Court:

| **Previously Asserted and Rejected Arguments** | **This Court's Prior Rulings** |
|---|---|
| "As discussed in Plaintiff's Opposition to Defendant's Summary Judgment Motion, Dr. Robertson's own report… establish[es] that he based his opinion on… a "maximum medical improvement" ("MMI") standard… Similarly, Dr. Minoff…based her same opinion on a conclusion that any further care would have been 'palliative' in | In rejecting this very argument, this Court held:<br><br>"After extensive motion practice in this case, the Court does not find a disputed issue of material fact regarding whether Defendant unreasonably denied payment of benefits or unreasonably denied a claim of coverage … |

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 2

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

| | |
|---|---|
| nature… Neither reason is a valid basis for denying payment of PIP benefits, and insurers violated Washington law by doing so. ECF No. 124 at 9-11; *Durant v. State Farm Mut. Auto. Ins. Co.,* 191 Wn.2d 1, 8-15, 419 P.3d 400 (2018). Because these opinions cannot support Travelers' denial of benefits as a matter of law, their testimony is irrelevant to the issues in this case – whether Traveler unreasonably denied payment of PIP benefits – is unhelpful to the trier of fact, and should be excluded." ECF No. 158 p. 2 at 11-26. | …Even viewing the evidence in the light most favorable to Plaintiff, the evidence supports that Defendant relied on **medical opinions to deny further coverage as not reasonable, necessary, nor related to her accidents**." ECF No. 138 at p. 12:10-12; 14:1-3. *See also*, ECF No. 119; ECF No. 148. |
| "Because these opinions cannot support Travelers' denial of benefits as a matter of law, their testimony is irrelevant to the issues in this case – whether Traveler unreasonably denied payment of PIP benefits – is unhelpful to the trier of fact, and should be excluded." ECF No. 158 p. 2 at 11-26. | "Suspension is not necessarily denial for purposes of WAC § 284-30-395. An insurer may rely on a medical opinion of health care professionals to deny, limit, or terminate benefits for medical expenses that are not reasonable, necessary, or related to the accident. WAC § 284-30-395." ECF No. 111 at p.13:14-17. *See also* ECF No. 119 (denying reconsideration or certification of whether a suspension of PIP benefits constitutes a denial among other things). "After extensive motion practice in this case, the Court does not find a disputed issue of material fact regarding whether Defendant unreasonably denied payment of benefits or unreasonably denied a claim of coverage ... …Even viewing the evidence in |

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 3

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

| | |
|---|---|
| | the light most favorable to Plaintiff, the evidence supports that Defendant relied on medical opinions to deny further coverage as not reasonable, necessary, nor related to her accident. As the Ninth Circuit has indicated, an insurer's decision to 'credit its own medical expert over [plaintiff's] experts does not establish that it acted in bad faith.' *McCall v. State Farm Mut. Auto. Ins. Co.*, 799 F. App'x 513, 514 (9th Cir. 2020). Likewise, the Court finds no authority to support that such a practice qualifies as unreasonable under IFCA.<br><br>ECF No. 138 at p. 12:10-12; 14:1-8. *See also* ECF No. 148 at 5:12-19. |
| "…Specifically, Plaintiff suspects that Defendant will seek to blame delays on obtaining Plaintiff's records, in finding and scheduling a three-doctor panel, and delays due to scheduling conflicts with Plaintiff Young." ECF 158 p. 7. | "However, the Court found that questions of material fact precluded summary judgment on the issue of whether Standard's "investigation of Plaintiff's claim was 'reasonable' under WAC § 284-30-330 in that it is disputed as to whether Standard unreasonably delayed requesting an IME or took other actions amounting to bad faith or fair conduct. ECF No. 111 at 14.<br><br>*See also* ECF No. 119 p.2; ECF No. 138 p. 8. |
| "Instead, evidence establishes that it was Defendant's own preferences that led to an extensive delay of several months between when Defendant | *See* ECF No. 111 at 14.; ECF No. 119 p. 2.; ECF No. 138 p. 8. |

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 4

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1
2
3

> began denying Plaintiff's medical bills and when it managed to complete an IME in an attempt to support the denials." ECF No. 158. p. 8.

4
5
6
7
8
9
10

The above represents only a sampling of the instances in which Plaintiff asks the Court to reconsider issues that the Court has previously decided. Motions for Reconsideration are substantive motions properly governed by Fed. R. Civ. Pr. 59. They are not the proper subject for a motion in limine.  Moreover, the time for any motion for reconsideration has long past as such motions must be brought within 28 days of the adverse ruling. Fed. R. Civ. Pr. 59 (e).

11
12
13
14

As stated above, Plaintiff's Motions in Limine are actually an untimely, cumulative, and inappropriate motion for reconsideration. As such, Travelers asks that the Court strike Plaintiff's Motions in Limine in their entirety.

15

## II.   LEGAL STANDARD

16
17
18
19
20
21
22
23

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *McArthur v. Rock Wood Fired Pizza & Spirits*, 2017 U.S. Dist. LEXIS 58373 (W.D. Wa.), *1-2; quoting *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). Motions in limine are used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible. *Bouchard v. American Home Products Corp.*, 213 F. Supp.2d 802,

810 (N.D. Ohio 2002). A motion in limine should be granted if the evidence sought to be excluded is inadmissible for any purpose. *Noble v. Sheahan*, 116 F. Supp. 2d 966, 969 (N.D. Ill. 2000); *Hawthorne Partners v. AT&T Technologies, Inc.*, 83 1 F. Supp. 1398, 1400 (N.D. Ill.1993).

Despite this clear authority, Plaintiff's Motions do not, for the most part, seek to exclude evidence that is "clearly inadmissible." Instead, Plaintiff's Motions attempt to relitigate issues that have been resolved as a matter of law, assert that questions of fact on issues do not exist despite this Court's earlier rulings, and seek rulings that are not evidentiary and not in dispute.

## III.    TRAVELERS' RESPONSES IN OPPOSITION

### 1.    <u>Plaintiff's Motion to Exclude Testimony of Travelers' Medical Experts</u>

Travelers asks the Court to deny Plaintiff's motion to exclude Travelers' timely and appropriately disclosed medical experts. As stated in this Court's prior scheduling order, ECF No. 118 p. 3-4., both parties had the opportunity to challenge the admissibility of expert opinion testimony on the basis of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), prior to March 6, 2020. ECF No. 118 p. 3-4. It is inappropriate and untimely for Plaintiff to now request that the Court exclude Travelers' medical experts in a *Daubert* challenge disguised as an evidentiary motion in limine. For that reason alone, this Court

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 6

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

should deny Plaintiff's first motion in limine to preclude testimony from Travelers' medical experts.

Throughout this litigation, Plaintiff's clear intention has been, and remains, to present testimony, evidence, and arguments that she is entitled to more insurance benefits for her PIP claim despite Travelers' reasonable termination of those benefits in February 2018. To the extent that she is allowed to present such a claim and evidence, which Travelers maintains is not at issue for the reasons set forth in its Motions in Limine (ECF No. 155), the testimony of Travelers' medical experts is extremely relevant. Such testimony goes directly to whether Plaintiff's treatment was reasonable, necessary, and related to the subject motor vehicle accident and is admissible under the Evidence Rules. *See* FRE 402 and 702.

This Court previously ruled that Travelers' determination regarding termination of Plaintiff's insurance benefits was reasonable as a matter of law. ECF No. 111 and 138. Further, Travelers' reliance on its own medical experts, as opposed to the medical opinions of Plaintiff's treating providers, was also found by this Court to be reasonable as a matter law. ECF No. 138. Travelers does not believe it is appropriate for Plaintiff to ask the jury for additional insurance benefits, essentially readjusting this Court's reasonableness determination. ECF No. 111 and No. 138. Therefore, to the extent Plaintiff is allowed to argue

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 7

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

entitlement to additional benefits, Travelers must be allowed to present medical testimony to the contrary.

However, this Court ruled that the issue left for trial was related to Travelers' investigation of Plaintiff's claim. ECF No. 111 p. 14, 119 p. 2, 138 p. 8. To the extent this Court determines that the issues do not allow Plaintiff to reopen the ultimate PIP coverage termination, Travelers would have no need to present medical evidence or testimony and would withdraw the same.

## 2.    Plaintiff's Motion to Exclude Her Own Medical Records

Plaintiff is accusing Travelers of insurance bad faith. ECF No. 1. This Court already ruled that Travelers' coverage determination regarding Plaintiff's claim was reasonable as a matter of law. ECF No. 111 and 138. Plaintiff is alleging that her prior medical records are not relevant in this action because she was asymptomatic and pain free prior to the subject accident. ECF 158 p. 4.

Plaintiff relies on case law, notably *Harris v. Drake,* 152 Wn.2d 480, 99 P.3d 872 (2004), and *Hoskins v. Reich*, 142 Wn. App. 557, 174 P.3d 872 (2004). However, *Harris* and *Hoskins* center on the liability of a tortfeasor defendant for injuries caused to the plaintiffs and the import of prior accidents in that context. *Harris,* 152 Wn.2d 480, at 484; and *Hoskins*, 142 Wn. App. 557, at 560. That is not the issue in this matter.

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 8

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

Here, Plaintiff's injuries resulted from an accident caused by a third-party driver who is not a party to this litigation. *See, e.g.,* ECF No. 111 and No. 138. This is a separate action involving a claim for PIP benefits. There is no legitimate dispute that Travelers applied the appropriate standard to this question.

Under Washington law, an insured is only entitled to PIP benefits for medical treatment of injuries that are reasonable, necessary, and related to the accident. WAC § 284-30-395. The medical records that Plaintiff seeks to exclude are relevant because they directly impact whether her treatment was "reasonable, necessary, and related." It is also the evidence that Travelers and its experts relied on in order to determine when treatments were no longer reasonable, necessary, and related. Travelers' ability to defend itself against Plaintiff's causes of action in this matter would be unjustly prejudiced should the Court grant Plaintiff's motion to exclude her own medical records absent a ruling from this Court granting Travelers' Motions in Limine limiting the scope of trial.

In the event this Court grants Travelers' motion to limit the scope of trial to the limited issue of whether Travelers unreasonably delayed its investigation, medical evidence would not be necessary beyond limited testimony and records to provide context and timing of the Parties' knowledge and actions.

**3.**  **Plaintiff's Motion to Exclude References, Testimony, or Argument That Delays in Scheduling IME Were Caused by Plaintiff or Outside Defendant's Control**

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 9

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

Travelers asks the Court to deny Plaintiff's request for a ruling on a substantive issue that is not appropriate for a motion in limine. Exhaustively, this Court has ruled questions of material fact persist regarding whether Travelers unreasonably delayed requesting and IME or took other actions amounting to bad faith or unfair conduct. ECF No. 111 p. 12 at 10-14. *See also* ECF No. 119 p. 2 at 11-15; ECF No. 138 p. 8 at 6-10.

The references, testimony, and argument that Plaintiff seeks to exclude make up the very evidence that the jury will need to weigh in order to resolve this issue. Travelers intends to present evidence at trial regarding all relevant events impacting scheduling of Plaintiff's IME. This includes, but is not limited to, the following:

- Plaintiff modified her original medical authorization by handwriting a time limitation preventing Travelers from obtaining medical records before May 11, 2017. ECF No. 88-5.

- Travelers advised Plaintiff that it needed an IME to assist its investigation of her PIP claim. ECF No. 111 p. 5 at 5-18.

- Travelers did not receive a full medical authorization from Plaintiff until late September, 2017. Def Proposed Trial Ex. No. 209. **Exhibit 1** to the Declaration of Eric J. Neal.

- From October through December 2017, Travelers was in the process of obtaining copies of Plaintiff's Medical records, as well as securing the appropriate panel of medical professionals for Plaintiff's IME. Declaration of James Olsen.

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 10

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

- In November and December 2017, Travelers and Plaintiff's Counsel communicated back and forth regarding scheduling Plaintiff's IME. During these communications, Plaintiff's Counsel took issue with the selection of Dr. James Snyder to perform the IME and represented that Plaintiff herself would be out of town for substantial portions of December 2017 and January 2018. Olsen Decl.

- Between January 8-9, 2018, Travelers and Plaintiff's Counsel agreed that Plaintiff's IME would occur on January 22, 2018. Olsen Decl.

- Plaintiff's IME was completed on January 22, 2018. ECF No. 111 p. 6 at 15-16.

The above events all contributed to the length of time between Travelers' request that Plaintiff undergo an IME and the date on which the IME actually occurred. Simply put, there was no delay on the part of Travelers. Instead, the evidence will show that Plaintiff's own conduct delayed the scheduling of the IME. Moreover, Plaintiff's third motion in limine is yet another substantive motion, not an appropriate motion in limine. This Court has repeatedly declined to enter a ruling on this exact issue. ECF No. 111 p. 12 at 10-14. *See also* ECF No. 119 p. 2 at 11-15; ECF No. 138 p. 8 at 6-10.

For the reasons stated above, Travelers asks the Court to deny Plaintiff's third motion in limine. The testimony, evidence, and argument that Plaintiff seeks to exclude is highly relevant to the issues in this matter. FRE 402.

4.  **Plaintiff's Motion to Exclude Travelers Proposed Trial Exhibits 254-270**

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 11

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

Travelers respectfully asks the Court to see Travelers' fourth motion in limine as it relates directly to Plaintiff's motion to exclude Travelers' proposed Trial exhibits No. 254 to No. 270. ECF No. 155 pp. 24-30. Travelers' fourth motion in limine thoroughly addresses the relevance and necessity of the proposed trial exhibits referenced in this Motion in Limine.

Further, Plaintiff's argument regarding proposed Trial Exhibit No. 254 is misleading and disingenuous. Travelers' exhibit is not an attempt to present expert testimony for this case. In fact, the peer review report at issue was not even prepared for purposes of litigation. Instead, it was created to address Plaintiff's PIP claim for her mental health treatment, which she made on February 3, 2020.[1] Thereafter, Travelers adjusted Plaintiff's mental health treatments as part of her PIP claim, including obtaining the peer review report, and issued payments to Plaintiff's mental health providers for said treatments. ECF No. 155 p. 24:18 - p. 29:12. As such, the peer review report, proposed Trial Exhibit No. 254, was not even created until well after any expert disclosure deadline.

At no point has Travelers given any indication that it intended to name or call the mental health professional who conducted the peer review of Plaintiff's mental health treatments as an expert witness in this matter. Travelers never intended to do so. Second, any need to present evidence regarding the mental

---

[1] *See* ECF No. 155 at p. 24-30 for a full recitation of facts surrounding Plaintiff's PIP claim for mental health treatment.

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 12

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

health treatment and resultant peer review only recently became an issue based on Plaintiff's attempts to now allege she suffered emotional distress and mental anguish due to some act or omission of Travelers.

In order to rebut Plaintiff's attempts to repudiate her representation that her mental health treatment was reasonable, necessary, and related to her automobile accident versus any conduct of Travelers, it became necessary to submit additional exhibits for use at trial including the exhibits at issue in this Motion in Limine.

Here, it is clear based on Plaintiff's fourth motion in limine that she intends to present to the jury evidence, argument, or testimony that she received mental health treatments due to the acts or omissions of Travelers. This is contrary to her representation to Travelers that her mental health treatments were reasonable, necessary and related to subject accident. *See* ECF No. 157-17. Further, this request of the Court would be unjust because Travelers has already paid for Plaintiff's mental health treatments as part her PIP claim. *See* ECF No. 157-7, No. 157-8, and ECF No. 157-9. The relevance and necessity of Travelers' proposed Trial Exhibits No. 254 to 270 was thoroughly briefed in Travelers' own Motions in Limine. ECF No. 155 pp. 24-30.

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 13

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

Based on the foregoing, and Travelers' fourth motion in limine, ECF No. 155 pp. 24-30, Travelers requests that the Court deny Plaintiff's fourth motion in limine.

To the extent the Court grants Travelers' fourth motion in limine in its entirety, and Plaintiff is estopped from presenting evidence, testimony, or argument that she sought mental health treatment due to any act or omission of Travelers, Travelers would have no need to present its Proposed Trial Exhibits No. 254 to 266, and No. 268 to 270. Travelers' Proposed Exhibit No. 267 relates to Plaintiff's PIP claim in its entirety and is relevant to the issues remaining in this case. FRE 402.

**5.    Plaintiff's Motion to Preclude Evidence or Argument of Effect of Lawsuit on Insurance Rates or Premiums**

This motion does not seek to exclude any evidence or testimony and is nonsensical. It appears to seek a ruling precluding Travelers from presenting evidence that it never intended to, and would never have reason to, present. This action was filed in January of 2018. ECF No. 1. At no time since the inception of this lawsuit has Travelers alleged, contended, briefed, or otherwise referred to "premiums or insurance rates" as implied by Plaintiff's curious and improperly vague motion in limine. Travelers never intended to offer any such evidence and Plaintiff provides no evidence that this type of motion is necessary.

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 14

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

Travelers fails to comprehend how a single claim for PIP benefits could conceivably have any effect on "premiums or insurance rates." Without any reference to any specific evidence or testimony that Plaintiff believes Travelers intends to offer or elicit, it is difficult to meaningfully respond. Nonetheless, if the Court feels that an order on this subject is necessary, Travelers agrees that any discussion as to "premiums or insurance rates" is not relevant to any issue before the Court.

**6.  Plaintiff's Motion to Preclude Evidence or Argument Regarding the Filing of Motions in Limine**

Travelers does believe a motion asking the Court to comply with the rules of evidence is necessary or proper. To the extent that the Court feels it is necessary to enter an Order compelling the parties to only offer evidence properly within the Federal Rules of Evidence, Travelers has no objection.

**7.  Plaintiff's Motion to Preclude Evidence or Argument that Travelers' Reasonable Reliance on Three Experts Precludes Plaintiff's Bad Faith Claims**

In this Court's Order dismissing Plaintiff's Claim for a violation of IFCA, this Court relied on the Ninth Circuit decision *McCall v. State Farm Mut. Auto. Ins. Co.* ECF No. 138. Plaintiff's final motion in limine asks the Court to enter an order that would be contrary to the Ninth Circuit's holding in *McCall*.

In *McCall v. State Farm Mut. Auto. Ins. Co.,* the Ninth Circuit held that, in order to prevail on a claim for breach of the implied covenant of good faith and

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 15

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

faith dealing, a plaintiff must prove that an insurer lacked a reasonable basis for its initial denial of a claim. *McCall v. State Farm Mut. Auto. Ins. Co.,* 799 F. App'x 513, 513-514, (9th Circ. 2020).

This Court has already ruled that Travelers' coverage determination regarding Plaintiff's PIP claim was reasonable as a matter of law. ECF No. 111, and No. 138. Thus, there can be no bad faith stemming from that denial. *See, e.g., Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 484, 78 P.3d 1274 (2003).

It appears from Plaintiff's Motions in Limine that she is again trying to advance her previously rejected argument that Travelers denied her claim prior to the February 16, 2018 denial letter. ECF 158. At this stage of litigation this issue has been resolved on several occasions by this Court. It is inappropriate for Plaintiff to continue to ask the Court to reconsider that ruling. This Court has repeatedly ruled that Travelers' decision to suspend Plaintiff's PIP benefits pending an IME was not a denial and that Travelers was reasonable in issuing the denial. *See* ECF No. 111. *See also* ECF No. 119; and ECF No. 138. Plaintiff's only potentially remaining claim for bad faith is whether Travelers committed bad faith due to delay in obtaining the IME, which it did not, and which did not harm Plaintiff in any event.

Plaintiff's reliance on *Coventry Associates v. Am. States Ins. Co.,* 136 Wn.2d 269, 279, 916 P.2d 933 (1988), and *Nesbitt v. Prog. Nw. Ins. Co.*, C11-

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 16

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

2117RSL, 2012 WL 5351846 at *3 (W.D. Dist. Wash. Oct. 29, 2012) to support her final motion in limine is misplaced. ECF No. 158 p 13:18-20. In *Coventry,* the insurer denied coverage to the insured following a short and deficient investigation. *Coventry,* 136 Wn.2d at 274. In *Nesbitt,* the insurer did not extend coverage initially, and offered the insured insurance benefits only after more information was obtained and several months had passed. *Nesbitt* 2012 WL 5351846, at *2-3.

Here, Travelers immediately extended coverage to Plaintiff and only determined that no further PIP benefits were owed after conducting a reasonable and thorough investigation. ECF No. 111 and 138. Simply put, there was no bad faith relative to the investigation or final decision that benefits were no longer owed. Further, and as previously argued, even if Travelers unreasonably delayed obtaining an IME, which it did not, the simple fact is that any delay did not cause damages to Plaintiff. Absent damages, Plaintiff's bad faith claim necessarily fails. *See Safeco Ins. Co. of Am. v. Butler,* 118 Wn.2d 383, 389, 823 P.2d 499 (1992).

Based on the above, Travelers requests that the Court deny Plaintiff's seventh motion in limine.

## IV.    CONCLUSION

Based on the foregoing, Travelers asks that the Court deny Plaintiff's Motions in Limine in their entirety.

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 17

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1  DATED this 22nd day of January, 2021.

2

3                                         LETHER LAW GROUP

4                                         */s/ Eric J. Neal*
                                          Eric J. Neal, WSBA #31863
5                                         Thomas Lether, WSBA #18089
                                          1848 Westlake Avenue N, Suite 100
6                                         Seattle, WA 98109
                                          P:  (206) 467-5444/F: (206) 467-5544
7                                         tlether@letherlaw.com
                                          eneal@letherlaw.com
8                                         *Counsel for Defendant The Standard*
                                          *Fire Insurance Company*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under the penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the parties mentioned below as indicated:

JJ Thompson, WSBA No.40462           Mark L. Hanover
Armitage & Thompson, PLLC            Dentons US LLP
220 W. Main Avenue                   mark.hanover@dentons.com
Spokane, Washington 99201
jjt@law-wa.com

Darrell L. Cochran, WSBA No. 22851
Christopher Love, WSBA No. 42832
Alexander G. Dietz, WSBA No. 54842
Pfau Cochran Vertetis Amala, PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
darrell@pcvalaw.com
chris@pcvalaw.com
adietz@pcvalaw.com
*Counsel for Plaintiff*

**By:**    ☒ **ECF/Email**

Dated this 22nd day of January, 2021 at Seattle, Washington.

*/s/ Judy Tustison*
Judy Tustison | Paralegal

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE – 19

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544