FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 27, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIANE YOUNG, individually,<br><br>                      Plaintiff,<br><br>   v.<br><br>THE STANDARD FIRE INSURANCE COMPANY, a foreign insurance company,<br><br>                  Defendant. | NO: 2:18-CV-31-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

BEFORE THE COURT, without oral argument, is Defendant The Standard Fire Insurance Company's ("The Standard's") Motion for Award of Prevailing Party Fees and Costs and Entry of Amended Judgment, ECF No. 245, and Plaintiff Diane Young's Motion for Attorney's Fees, ECF No. 248. The Court notes that Plaintiff requested oral argument for her Motion for Attorney's Fees, and a hearing currently is set for November 19, 2021. Both motions are fully briefed, and the Court has reviewed the parties' submissions, the remaining docket, the relevant law, and is

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ~ 1

fully informed.  Having thoroughly considered the issues raised by Plaintiff's

Motion for Attorney's Fees, the Court finds that oral argument is not warranted and

shall be stricken.  *See* LCivR 7(i)(3).

## BACKGROUND

Plaintiff filed a First Amended Class Action Complaint on September 13,

2018, in which she alleged claims on behalf of herself and a putative class of

individuals similarly situated for allegedly unlawful bad faith acts and omissions by

The Standard in administering Personal Injury Protection ("PIP") insurance benefits.

*See* ECF No. 38.  The Court dismissed Plaintiff's putative class allegations on

September 30, 2019, and the case proceeded from then on as an individual suit.  ECF

No. 111.

On November 15, 2019, the Court denied Plaintiff's Motion for

Reconsideration and Certification to the Washington State Supreme Court, finding

that the questions presented by the parties' Motions for Partial Summary Judgment

and Defendant's Motion to Dismiss turned on a fact-based inquiry into the context

of the denial of an insured's benefits.  ECF No. 119 at 4–5.  Plaintiff had not shown

that the questions resolved by the Court in the September 30, 2019 Order, ECF No.

11, resolved any legal ambiguity in Washington State law.  *Id*.

On June 12, 2020, the Court granted Defendant's Motion for Partial Summary

Judgment, dismissing certain individual claims and recognizing that Plaintiff's

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND
ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES ~ 2

individual claims for common law bad faith, breach of contract, violation of

Washington's Consumer Protection Act ("CPA"), Revised Code of Washington

("RCW") § 19.86, and negligence would be allowed to proceed.  ECF Nos. 138; 194

at 21.  The Court entered judgment for Defendant on Plaintiff's Insurance Fair

Conduct ("IFCA") claim, as well as Plaintiff's claims for injunctive relief and

intentional infliction of emotional distress.  ECF Nos. 138 at 15–16; 139.

Defendant's Motion for Partial Summary Judgment did not seek resolution of

Plaintiff's breach of contract, CPA, and bad faith claims.  *See* ECF No. 138 at 2.

On September 28, 2020, the Court denied Plaintiff's Second Motion for

Reconsideration or Certification to the Washington State Supreme Court.  ECF No.

148.  The Court found that Plaintiff had not shown that the Court should reconsider

the June 12, 2020 Partial Summary Judgment Order, nor had Plaintiff offered any

authority supporting that state law is ambiguous with respect to the issues resolved

by that Order.  *Id*. at 7.

Despite the early dispositive motion practice, the parties continued to dispute

the extent and nature of the remaining issues for trial, through numerous motions in

limine and objections to proposed and final jury instructions.

On April 2, 2021, The Standard made Plaintiff an Offer of Judgment pursuant

to Fed. R. Civ. P. 68.  The Offer of Judgment offered $100,000 for the settlement of

"all contractual and extra-contractual claims . . . inclusive of all attorney's fees and

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND
ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES ~ 3

1    costs." ECF No. 264-1 at 3.  By its terms, the offer was deemed withdrawn unless

2    Plaintiff accepted the offer in writing within fourteen days.  *Id.*

3      On the fourteenth day after receiving the Offer of Judgment, Plaintiff moved

4    to strike the Offer of Judgment on the basis that it was "an improper attempt to 'pick

5    off' a named plaintiff in the hopes of avoiding a class action lawsuit."  ECF No. 248

6    at 14 (citing *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 339 (1980)).  The

7    Court received briefing and heard oral argument on Plaintiff's Motion to Strike, and

8    denied it on the basis that the Offer of Judgment was not filed at the time that

9    Plaintiff moved to strike it, and controlling authority does not support Plaintiff's

10   assertion that the Offer of Judgment is invalid because it places her own interests in

11   conflict with her intention to appeal the Court's dismissal of her class allegations.

12   ECF No. 185 at 9; *see Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091 (9th Cir.

13   2011) (holding that, absent undue delay, a plaintiff may seek to certify a class and

14   avoid mootness of the class claims even after a defendant has offered complete

15   individual relief via a Rule 68 offer of judgment).

16     According to defense counsel, Plaintiff's lowest settlement demand was

17   $875,000.  ECF No. 264 at 2.

18     Plaintiff's remaining claims proceeded to trial on August 16-18, 2021.

19   Pertinent to Plaintiff's CPA claim, Plaintiff testified that her occupation at the time

20   that she was awaiting an independent medical examination ("IME") and while

21   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND
ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES ~ 4

Defendant was investigating Plaintiff's claims was caring for her mother in Plaintiff's home.  Plaintiff testified that she was distraught over the lack of clarity as to whether Defendant ultimately would pay for the treatment that she was receiving in late 2017 and early 2018 and, due to that stress, she resorted to hiring three people to come into her house to perform tasks regarding caring for her mother that she otherwise would have provided.

Plaintiff did not offer any evidence other than her own testimony to support that she incurred expenses regarding hiring people to help take care of her mother. Plaintiff declined to assign any specific figure to her financial injury related to taking care of her mother.  Plaintiff also did not testify regarding what, if any, payments she had ever received from her mother or from any other source for providing care to her mother, except to say that she had to "pay a lot of it"[1] out for caregivers.  Plaintiff did not offer any documentary evidence, such as a business license, business and occupational tax forms, internal revenue tax returns, or other proof that she had ever conducted a business or ever received income through her role as caregiver.  Plaintiff also stated that she had to pay out-of-pocket for her own medical care, although she acknowledged that she had continued to receive her own

---

[1] It is unclear from the record what "it" is.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ~ 5

medical care and ultimately largely was reimbursed for treatment that she received in fall 2017.

The jury found in Plaintiff's favor on her bad faith, CPA, and negligence claims. ECF No. 239 at 1−3. The jury awarded Plaintiff $20,000 in bad faith damages, $5,000 in CPA damages, and nothing for negligence damages. *Id.* The jury found that Defendant did not breach its insurance contract with Plaintiff. *Id.* at 4. On August 19, 2021, the Court entered Judgment in favor of Plaintiff in the amount of $25,000. ECF No. 243.

Through their respective motions, Defendant seeks costs accrued since the Offer of Judgment in the amount of $1,854.04, and Plaintiff seeks attorney's fees accrued from the outset of this case through September 23, 2021, in the amount of $908,161. ECF Nos. 268 at 2; 270 at 2.

## LEGAL STANDARDS

Under Fed. R. Civ. P. 59(e), a party may move to alter or amend a judgment "no later than 28 days after the entry of the judgment."

With respect to an unaccepted offer of judgment, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). An award of costs subsequent to the offer is mandatory; "Rule 68 leaves no room for the court's discretion." *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ~ 6

Cir. 1996), *cert. denied* 519 U.S. 1109 (1997). The purpose of Fed. R. Civ. P. 68 is to encourage early settlement. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003) ("Rule 68 encourages a defendant to offer settlement early because the cost-clock begins running as soon as a defendant makes an offer.") (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)).

Federal courts look to state law regarding requests for an award of attorney's fees for claims based on state substantive law. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). In Washington, only a "prevailing party" is eligible for attorney's fees. *See* RCW 19.86.080(1) (giving courts discretion to award the prevailing party in a CPA action "the costs of said action including a reasonable attorney's fee."); *Parmelee v. O'Neel*, 168 Wn.2d 515, 522 (Wash. 2010).

## DISCUSSION

### *Operation of Rule 68*

Defendant contends that it is entitled to costs that it incurred after the Offer of Judgment, in the amount of $1,854.04, and asks that the Court enter an amended judgment reducing Plaintiff's judgment from $25,000 to $23,145.96. *See* ECF No. 268 at 6. Defendant also argues that it is the prevailing party, rather than Plaintiff, by operation of Rule 68. ECF No. 245 at 3.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ~ 7

1    Plaintiff responds by renewing her arguments offered at the time of her earlier

2    Motion to Strike that Defendant's Offer of Judgment was invalid as "an improper

3    attempt to 'pick off' a named plaintiff in the hopes of avoiding a class action

4    lawsuit." ECF No. 256 at 4–5 (citing *Deposit Guaranty Nat. Bank v. Roper*, 445

5    U.S. 326, 339 (1980)).  Plaintiff further argues that the authority cited in the Court's

6    Order Denying Plaintiff's Motion to Strike was distinguishable on the facts because

7    that case, *Pitts*, 654 P.3d at 1091–92, addressed an offer of judgment regarding that

8    plaintiff's individual claim, while Defendant's Offer of Judgment was to resolve all

9    of Plaintiff's claims.  ECF No. 256 at 7.

10    The Court declines Plaintiff's invitation to reconsider its prior Order Denying

11    Plaintiff's Motion to Strike, as Plaintiff does not show clear error, controlling

12    intervening authority, or any other basis to revisit that determination.  *See School*

13    *Dist. No. 1J v. ACANDS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).  Just as *Pitts*

14    addressed an offer of judgment regarding plaintiff's individual claim, only

15    individual claims remained at the time that Defendant issued its Offer of Judgment

16    to Plaintiff.  *See Pitts,* 654 P.3d at 1091–92.

17    As Plaintiff did not accept Defendant's Offer of Judgment, and the ultimate

18    jury verdict was for less than the amount of the Offer of Judgment, an award of post-

19    offer costs to Defendant is mandatory.  Fed. R. Civ. P. 68(d); *Trident Seafoods*

20    *Corp.*, 92 F.3d at 859.

21    ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND
ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES ~ 8

Although Defendant has established a mandatory entitlement to post-offer costs, Defendant does not set forth an entitlement to attorney's fees except to assert that Defendant should be deemed the prevailing party. The relevant state statute defines costs to include fees to a prevailing party. *See* RCW 19.86.090 (permitting an award of fees to an injured party under the CPA); *Bowles v. Department of Retirement Sys.*, 121 Wn.2d 52, 70 (Wash. 1993) (as Washington follows the "American Rule" that the prevailing party normally does not recover its attorney fees, attorney fees are recoverable only if authorized by contract, statute, or a recognized ground in equity). "If prevailing party status is a prerequisite to such an award, a defendant who has not 'prevailed' within the meaning of the statute, may not recover attorneys' fees as part of a Rule 68 award." *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 381 (E.D.N.Y. 2004) (citing, inter alia, *Trident Seafoods Corp.*, 92 F.3d at 860). By definition, a defendant who is entitled to recover costs under Rule 68 is not the prevailing party, as Rule 68 provides for post-offer costs only after plaintiff obtains a judgment in her favor that is less than the amount offered. *See Jolly v. Coughlin*, No. 92 Civ. 9026 (JGK), 1999 U.S. Dist. LEXIS 349, at *43 (S.D.N.Y. Jan. 14, 1999); *see also Crossman v. Marcoccio*, 806 F.2d 329, 334 (1st Cir. 1986), ("In the instant case, there is absolutely no reason to believe that [plaintiffs'] case was frivolous or meritless; indeed, [plaintiffs] 'prevailed' at trial. It follows from this that [defendant's] attorney's fees were not 'properly awardable' costs as defined by

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ~ 9

1  section 1988 and, therefore, were not part of the costs shifted to plaintiff by the

2  operation of Rule 68."), *cert. denied* 481 U.S. 1029 (1987).

3      Defendant is not the prevailing party, as the jury found in Plaintiff's favor on

4  three of her four claims.  Defendant also does not present a basis for finding that

5  post-offer attorney's fees would be awardable to Defendant on an equitable basis.

6      Furthermore, Defendant does not present authority supporting entry of an

7  amended judgment based on Defendant's award of costs.  An unaccepted offer of

8  settlement is only admissible for purposes of determining costs, not for purposes of

9  entering judgment for either party.  *See Diaz v. First Am. Home Buyers Prot. Corp.*,

10  732 F.3d 948, 954 (9th Cir. 2013) (noting that "nothing in Rule 68 authorizes a court

11  to enter judgment in accordance with an unaccepted offer") (citing with approval

12  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1533−34 (2013) (Kagan J.,

13  dissenting)).

14      Defendant is entitled to costs accrued after April 2, 2021.  Fed. R. Civ. P.

15  68(d), and the Court grants Defendant's Motion for Award of Prevailing Party Fees

16  and Costs in that part.  The Court denies Defendant's Motion with respect to

17  determining that Defendant is a prevailing party or amending the Judgment.

18      ***Defendant's Bill of Costs***

19      Plaintiff purports to object to Defendant's cost bill, but quarrels only with

20  Defendant's entitlement to costs and does not specify an objection to the amount

21  ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND
ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES ~ 10

sought by Defendant for post-offer costs.  *See* ECF No. 256 at 1–2.  Defendant filed

a Proposed Bill of Costs with costs incurred after April 2, 2021.  Therefore,

Defendant's Bill of Costs is properly reviewable by the Clerk of Court pursuant to

LCivR 54.

### Plaintiff's Attorney's Fees

As a preliminary matter, the Court notes that Defendant asks the Court to

strike Plaintiff's overlength Motion for Attorney's Fees, or, in the alternative, asks

the Court to excuse Defendant's own overlength response.  ECF No. 263 at 4.

Plaintiff's Motion for Attorney's Fees is 27 pages in length, while LCivR 7(f)(2)

limits the length of nondispositive motions to ten pages.  *See* ECF No. 248.  While

Plaintiff should have requested leave to file her overlength motion in the first

instance, the Court grants both parties leave to file overlength briefs.  The Court

prefers to consider Plaintiff's Motion for Attorney's Fees on its merits rather than

strike a portion of it for exceeding the relevant page limit, and the Court permits

Defendant, in turn, to file an overlength response to Plaintiff's overlength motion.

Plaintiff seeks an award of attorney's fees accrued through Plaintiff's reply

brief, filed on September 23, 2021.  *See* ECF Nos. 249 at 14–26; 270 at 2.

When the underlying statute or caselaw permits  an award of attorney's fees as

a part of "costs," the cost-shifting provision of Rule 68 bars plaintiff from recovering

her post-offer attorney's fees.  *Champion Produce*, 342 F.3d at 1027 (citing *Marek*,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND
ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES ~ 11

473 U.S. at 9).  The CPA permits a prevailing party to recover "the costs of the suit, including a reasonable attorney's fee," so the Plaintiff cannot recover her post-offer attorney's fees under the CPA.  RCW 19.86.090.  In addition, the Offer of Judgment explicitly was "inclusive of all attorney's fees and costs."  ECF No. 257 at 6.  Had Plaintiff accepted the Offer of Judgment, she could not have sought any post-offer attorney's fees.  *See Guerrero v. Cummings*, 70 F.3d 1111, 1114 (9th Cir. 1995) (holding that a plaintiff who accepts an offer of judgment that purports to resolve the issue of attorney's fees cannot recover post-offer fees).  Likewise, Plaintiff's post-offer attorney's fees are disallowed by operation of Rule 68.  *See Marek*, 473 U.S. at 8–10; *Dowd v. City of L.A.*, 28 F. Supp. 3d 1019, 1047 (C.D. Cal. 2014) ("Indeed, it would be contrary to Rule 68's policy of encouraging settlement to permit Plaintiffs to recover post-offer fees they would have been denied had they <u>accepted</u> Defendant's settlement offer. . . . Thus, Defendant's offer of judgment was more favorable than the judgment that Plaintiffs ultimately obtained, and Plaintiffs may not recover any costs, including attorney's fees, incurred after [the offer date].") (emphasis in original).  Therefore, even if the Court were to award Plaintiff attorney's fees, Plaintiff would not be entitled to any attorney's fees after April 2, 2021, the date that Defendant made the Offer of Judgment.

With respect to pre-offer fees, the Court must consider whether, as Plaintiff asserts, fees are appropriate under the Washington State Supreme Court decision in

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ~ 12

*Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37 (Wash. 1991),

or under the CPA.  *See* ECF No. 269 at 4–8.  Washington follows the "American

rule" that each party in a civil action will pay its own attorney fees and costs unless

an exception to this default rule is provided by contract, statute, or recognized

ground in equity.  *Cosmopolitan Eng'g Group, Inc. v. Ondeo Degremont, Inc.*, 159

Wn.2d 292, 296 (Wash. 2006).  In *Olympic Steamship*, the Washington State

Supreme Court held that "An insured who is compelled to assume the burden of

legal action to obtain the benefit of its insurance contract is entitled to attorney fees."

117 Wn.2d at 54.  However, Washington courts repeatedly have recognized that

attorney fees and expert costs are recoverable in cases involving a bad faith claim for

insurance coverage denial under *Olympic Steamship*, but are not recoverable where

the issue is a value dispute regarding an insurance claim.  *See Gossett v. Farmers

Ins. Co.*, 133 Wn.2d 954, 982 (1997) ("[T]he *Olympic S.S. Co.* rule applies only to

disputes over coverage, and not to disputes over the amount of a claim."); *Lock v.

Am. Family Ins. Co.*, 12 Wn.App.2d 905, 926 (Wash. Ct. App. 2020) ("[Plaintiff's]

claim was based on the value paid for her claim.  Value disputes are not coverage

denials.").  The distinction between a claim dispute and a coverage dispute also

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND
ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES ~ 13

applies in the PIP context.  *Kroeger v. First Nat'l Ins. Co. of Am.*, 80 Wn. App. 207, 209–10 (Wash. App. 1995).[2]

Washington caselaw establishing that *Olympic Steamship* fees are not applicable to the value of claims, rather than to coverage, undermines Plaintiff's request for fees on an equitable basis.  This case does not involve circumstances in which Plaintiff needed to resort to litigation to determine that she had coverage.  The Standard provided coverage from the initiation of the claim.  The jury did not find a breach of contract.  There is no factual question as to whether Defendant initially accepted coverage and paid Plaintiff's medical bills with the exception of bills for treatment that Defendant ultimately found not to be reasonable, necessary, or related to Plaintiff's accident.  *See* ECF No. 138 at 14 (finding summary judgment appropriate on Plaintiff's Insurance Fair Conduct Act claim).  Therefore, *Olympic Steamship* fees are not available to Plaintiff as a matter of law.  *See Duett v. State Farm Mutual Auto Ins. Co.*, No. 2:19-cv-01917-RAJ, 2020 U.S. Dist. LEXIS

---

[2] The Court finds no merit to Plaintiff's attempt to distinguish *Kroeger* on its facts, arguing that *Kroeger* arose in the context of an arbitration of a PIP claim, different timing concerning the insurer's suspension of benefits, and no jury verdict that the insurer committed bad faith.  *See* ECF No. 269 at 7.  Rather, the Court finds *Kroeger* on point in its holding that a suspension of benefits does not force the insured to litigate the question of coverage and that a litigant who prevails in a controversy over the amount of a claim is not entitled to attorney's fees.  *See* 80 Wn. App. at 211.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ~ 14

179343, at *9 (W.D. Wash. Sep. 29, 2020) (finding that plaintiff's characterization of her claim as a coverage dispute "unconvincing" where she failed to identify any coverage issues, "such as 'whether there is a contractual duty to pay, who is insured, the type of risk insured against, or whether an insurance contract exists at all.'") (quoting *Solnicka v. Safeco Ins. Co. of Illinois*, 969 P.2d 124, 126 (Wash. Ct. App. 1999)).

The Court further notes Plaintiff's request for certification of the issue of whether *Olympic Steamship* fees applies to circumstances identical to her own, but Plaintiff requests certification only if the Court disagrees with her contention that she is entitled to *Olympic Steamship* fees. ECF No. 248 at 10–11. Certification is appropriate only for undecided or unclear issues, and Plaintiff does not demonstrate that there is any ambiguity in state law. Rather, Plaintiff merely argues that "insurance issues are regularly certified to the Washington Supreme Court," and Plaintiff contends that her "short-term coverage dispute" presents a novel issue. *Id.* Defendant responds that Washington appellate courts have resolved the *Olympic Steamship* issue as it pertains to the claims and facts of this case, and points out that this Court previously has found improper attempts by Plaintiff to certify a question to the Washington State Supreme Court after Plaintiff has fully litigated an issue, lost on the issue, and seeks a different result through certification. *See* ECF No. 263 at 11–23 (citing ECF Nos. 113, 119, and 145). As with Plaintiff's previous

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ~ 15

unsuccessful requests for certification, the Court finds no basis to certify to the

Washington State Supreme Court to ascertain whether *Olympic Steamship* applies to

claims disputes.

Courts also may award attorney fees under the CPA.  RCW 19.86.090.  If the

Court awards fees, the Court must segregate the time spent on theories essential to

the CPA claim from time spent on legal theories relating to the other causes of

action.  *See Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 744 (Wash. 1987)

("These [attorney] fees should only represent the reasonable amount of time and

effort expended which should have been expended for the actions of [the defendant]

which constituted a Consumer Protection Act violation.").  However, fees need not

be segregated if the Court finds that the CPA claim is so closely interrelated with

other legal theories or causes of action, such as through "a common core of facts and

circumstances," that segregation of the time devoted to discovery, pretrial motions,

preparation, and trial is not reasonably possible.  *Miller v. Kenny*, 180 Wn. App.

772, 823 (Wash. Ct. App. 2014).

If a court finds that a party is entitled to an award of fees, the calculation of

the fee award begins with the "lodestar" formula, which is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Scott

Fetzer Co. v. Weeks* ("*Fetzer I*"), 114 Wn.2d 109, 124 (Wash. 1990).  The party

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND
ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES ~ 16

seeking fees bears the burden of proving reasonableness.  *Scott Fetzer Co. v. Weeks*

("*Fetzer II*"), 122 Wn.2d 141, 151 (Wash. 1993).

The "most critical factor" in determining a reasonable fee "is the degree of

success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  The Supreme

Court has advised lower courts that obtaining a favorable outcome at trial "may say

little about whether the expenditure  of counsel's time was reasonable in relation to

the success achieved." *Id.*  Indeed, once the Court considers the amount and nature

of damages awarded by the jury, the Court "may lawfully award low fees or no fees .

. . ." *Farrar v. Hobby*, 506 U.S. 103, 115 (1992).

Applying these principles to the present matter, the Court notes that Plaintiff

seeks a total of $908,161 in attorney's fees, including $7,056 for post-trial motion

practice regarding fees and costs.  ECF Nos. 270 at 2; 248 at 19–20 (seeking

$901,105 in fees prior to the Motion for Attorney's Fees); 270 at 2 (seeking

$908,161 for all work through the reply filed on September 23, 2021).  The total

amount that Plaintiff seeks in attorney's fees is more than 36 times Plaintiff's

recovery in damages at trial.  *See* ECF No. 243.  The requested fee award is more

than 181 times the $5,000 awarded for the CPA claim by the jury.  *See* ECF No.

243.

In addition, many of the hours reflected in Plaintiff's attorneys' time logs

reflect effort devoted over more than three years of litigation to theories distinct

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND
ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES ~ 17

from the claims that Plaintiff pursued at trial, such as Plaintiff's class allegations and her unsuccessful IFCA claim.  *See* ECF Nos. 249 at 15–25; 250 at 55–100.  As Defendant sets forth in its response, the majority of Plaintiff's legal theories were unsuccessful, both as an initial matter and when the Court resolved Plaintiff's motions for reconsideration.  *See* ECF Nos. 113, 119, 144, and 148.

Moreover, Plaintiff did not devote time to defending her common law insurance bad faith and CPA claims against a summary judgment, as Defendant's Motion for Partial Summary Judgment did not seek dismissal of those claims.  *See* ECF Nos. 111, 119, 138, and 148.  The Court also cannot determine that discovery regarding theories for which Plaintiff was unsuccessful, such as her IFCA claim and class allegations, was closely intertwined with Plaintiff's CPA claim, for which Plaintiff offered only her own testimony in support of the existence of her business and her damages and requested a nominal award during rebuttal in closing argument without having requested a jury instruction regarding nominal damages.

Even if the Court were to find that *Olympic Steamship* applies, which it does not, Plaintiff does not demonstrate that the fees that she seeks are remotely reasonable under either the CPA or on an equitable basis.  Although the Court has found that Plaintiff technically prevailed at trial because of the jury's verdict, her prevailing party status does not vindicate counsel's choice to pursue extensive motion practice on unsuccessful legal theories for more than three years while

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ~ 18

ultimately obtaining a total award of damages for Plaintiff that is one quarter of the amount offered by Defendant through the Offer of Judgment, and 36 times smaller than the amount that Plaintiff's counsel seeks in fees.  The Court finds no justification to support a fee award for Plaintiff's CPA claim and applies the general rule that a party bears its own fees.

Alternatively, Defendant asserts in its response to Plaintiff's Motion for Attorney's Fees that "the Court may simply resolve this issue once and for all by correctly granting The Standard's Motion for Directed Verdict," which the Court took under advisement after Plaintiff's case-in-chief, and which Defendant did not renew before the case was submitted to the jury.  *See* ECF No. 263 at 7 (citing ECF No. 235 at 7).  In support of this request, Defendant asserts that "Plaintiff failed to present evidence at trial sufficient to support the jury's verdict and directed verdict is appropriate." *Id.*

If a party has filed an initial motion for judgment as a matter of law under Fed. R. Civ. P. 50(a) before the close of all of the evidence, the party must renew the motion to have it resolved after the verdict.  *See Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 786 F.3d 1342, 1346–47 (9th Cir. 1985).  A motion made under Rule 50 "must specify the judgment sought and the law and facts that entitle the movant to the judgment."  Fed. R. Civ. P. 50(a)(2).  If Defendant is attempting to renew its Rule 50(a) motion under Rule 50(b) in the middle of its response brief, the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ~ 19

1    Court does not find any recitation by Defendant of the law and facts that entitle

2    Defendant to relief nor any discussion of whether Defendant seeks judgment as a

3    matter of law regarding all three claims for which the jury found in Plaintiff's favor,

4    or just the CPA claim.  Therefore, the Court denies Defendant's Rule 50(b) motion,

5    to the extent that Defendant is so moving.

6         However, the Court has reviewed the trial record for purposes of determining

7    Plaintiff's claim for attorney's fees under the CPA and notes the minimal evidence

8    that Plaintiff presented in support of her CPA claim.  A defendant violates the CPA

9    only when its (1) unfair or deceptive act (2) occurred in commerce, (3) affected the

10   public interest, and (4) proximately caused (5) damage to the plaintiff's business or

11   property.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d

12   778, 784–85 (Wash. 1986).  The Washington State Supreme Court has found that

13   "[t]he legislature's use of the phrase 'business or property' in the CPA is restrictive

14   of other categories of injury and is "'used in the ordinary sense [to] denote[] a

15   commercial venture or enterprise.'"  *Ambach v. French*, 167 Wn.2d 167, 172 (Wash.

16   2009) (quoting *Stevens v. Hyde Athletic Indus., Inc.*, 54 Wn. App. 366, 370 (Wash.

17   1989)).  "Washington courts have found injury to 'business or property' where the

18   defendant's act in violation of the CPA caused the plaintiff to suffer loss of

19   professional or business reputation, loss of goodwill, or inability to tend to a

20   business establishment."  *Ambach*, 167 Wash. 2d at 173.

21   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
     MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND
     ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION
     FOR ATTORNEY'S FEES ~ 20

Plaintiff testified that she was occupied with providing care for her mother during the period in which her benefits were suspended by Defendant pending an IME.  Plaintiff testified that she had to pay three people to come to her house because her stress from the insurance dispute was interfering with her ability to provide her mother care.  As set forth supra, Plaintiff did not proffer any exhibits or documentary evidence to support that Plaintiff was employed by her mother, or that Plaintiff had a business license or had earned wages for providing care for her mother, or any tax related forms showing that Plaintiff ever paid taxes on her alleged income from her business.  Furthermore, Plaintiff's testimony provided no support for the allegation that she was employed by her mother or was conducting a business related to caregiving, as opposed to providing care because Plaintiff is the patient's daughter, other than to state that Plaintiff hired others to assist her mother because Plaintiff felt too distraught over the insurance claim to assist her mother herself.

In short, the Court finds minimal support in Plaintiff's testimony or evidence for the proposition that Plaintiff's caretaking amounted to a "business."  Even if the Court were to find that Plaintiff had established that she herself lost wages when she paid a portion of money that would have gone to her to other people to perform some of the caregiving duties for her mother, Washington courts have found that lost wages are not injuries to business or property as contemplated by the CPA.  *See Ambach*, 167 Wn.2d at 175 (citing *Hiner v. Bridgestone/Firestone, Inc.*, 91 Wn.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ~ 21

App. 722, 730 (Wash. App. 1998)).  In addition, Plaintiff did not present any evidence of any loss of professional or business reputation, loss of goodwill, or inability to tend to a business establishment.  The Court, therefore, finds that the jury's verdict rests on the thinnest of evidence on her CPA claim, and Plaintiff should not be awarded attorney's fees under RCW 19.86.090 or as a matter of equity.

### *Plaintiff's Costs*

Unlike the general rule that attorney's fees will be borne by each party, costs generally are to be allowed as a matter of course to the prevailing party, with certain limited exceptions.  Fed. R. Civ. P. 54(d).  However, the district court retains discretion to refuse to award costs.  *See Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc); *see also Stanczyk v. City of New York*, 752 F.3d 273, 281 (2d Cir. 2014) ("[E]very Circuit to have confronted this question appears to have reached the same conclusion: Rule 68 reverses Rule 54(d) and requires a prevailing plaintiff to pay a defendant's post-offer costs if the plaintiff's judgment is less favorable than the unaccepted offer."); *Champion Produce, Inc.*, 342 F.3d at 1024 ("The Rule is not designed to affect the plaintiff's recovery of pre-offer costs.").

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ~ 22

The Court adheres to the default rule provided by Fed. R. Civ. P. 54(d). Plaintiff shall be permitted to resubmit her proposed bill of costs for taxation of pre-offer costs consistent with Fed. R. Civ. P. 54 and LCivR 54.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Award of Prevailing Party Fees, **ECF No. 245**, is **GRANTED IN PART** and **DENIED IN PART**.

2. Oral argument on November 19, 2021, is **STRICKEN**, and Plaintiff's Motion for Attorney's Fees, **ECF No. 248**, is **DENIED**.

3. As Defendant's cost bill includes only costs incurred in this litigation after April 2, 2021, the Clerk of Court shall proceed to tax Defendant's cost bill pursuant to LCivR 54. *See* ECF No. 247. Plaintiff may submit a new bill of costs **within thirty days of this Order**. Plaintiff's cost bill shall include only those costs incurred in this litigation prior to April 2, 2021, that are properly taxable under LCivR 54.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close the file**.

**DATED** October 27, 2021.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AWARD OF PREVAILING PARTY FEES AND COSTS AND ENTRY OF AMENDED JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ~ 23