**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIANE YOUNG,

Plaintiff-Appellant,

v.

THE STANDARD FIRE INSURANCE
COMPANY, a foreign insurance company,

Defendant-Appellee.

No.    21-35777

D.C. No. 2:18-cv-00031-RMP

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted November 9, 2022
Seattle, Washington

Before:  IKUTA and COLLINS, Circuit Judges, and FITZWATER,** District Judge.

Plaintiff-Appellant Diane Young ("Young") challenges the district court's

decisions denying her motion for partial summary judgment, striking the class

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

allegations in her complaint,[1] and refusing to strike the Federal Rule of Civil

Procedure 68 offer of judgment of Defendant-Appellee The Standard Fire Insurance

Company ("Standard").  We have jurisdiction to review these decisions under 28

U.S.C. § 1291, and we affirm.

We review summary judgment rulings de novo.  *Donell v. Kowell*, 533 F.3d

762, 769 (9th Cir. 2008).  "A decision to grant a motion to strike class allegations . . .

is the functional equivalent of denying a motion to certify a case as a class action,"

*Bates v. Bankers Life & Casualty Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017) (per

curiam) (internal quotation marks omitted), and is accordingly reviewed for abuse of

discretion, *Yokoyama v. Midland National Life Insurance Co.*, 549 F.3d 1087,

1090–91 (9th Cir. 2010).  However, "[a]n error of law is an abuse of discretion," and

we review de novo whether the district court misconstrued the law in ruling on class

certification.  *Id*. (emphasis omitted).  Awards of fees and costs are generally

reviewed for abuse of discretion. *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th

Cir. 2005).

---

[1] Young's original state-court complaint did not contain class allegations. They were added in her first amended complaint, which is the operative pleading for purposes of this appeal, and to which we will refer as "the complaint."

1.  Young appeals the district court's denial of her motion for partial summary judgment.[2]  In that motion, Young contended that Washington insurance regulations establish a bright-line rule that prohibits insurers from "suspending"—*i.e.*, temporarily deferring—personal injury protection ("PIP") payments while they investigate the reasonableness, necessity, or relatedness of a claim, such that this practice is a *per se* violation of state law.

The district court did not err in holding that an insurer's practice of suspending PIP payments while investigating the reasonableness, necessity, or relatedness of a claim is not a *per se* violation of Washington law even if the insurer's conduct in a specific case might give rise to, say, bad faith liability.  Young has failed to point to any Washington statute or regulation that definitively precludes insurers from suspending PIP payments while investigating whether to deny, terminate, or limit a

---

[2] "Ordinarily, orders denying summary judgment do not qualify as 'final decisions' subject to appeal," *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011) (quoting 28 U.S.C. § 1291), and "an order denying summary judgment is generally not reviewable after trial," *Booker v. C.R. Bard, Inc.* (*In re Bard IVC Filters Prod. Liab. Litig.*), 969 F.3d 1057, 1072 (9th Cir. 2020).  However, even after *Ortiz*, we have held that this "general rule does not apply to purely legal issues—in other words, 'to those denials of summary judgment motions where the district court made an error of law that, if not made, would have required the district court to grant the motion.'"  *Id.* (quoting *Banuelos v. Constr. Laborers' Tr. Funds for S. Cal.*, 382 F.3d 897, 902 (9th Cir. 2004)).

claim.    The district court therefore did not err when it concluded that the

reasonableness of the insurer's conduct in a specific case is to be determined by the

jury as a factual matter, not governed by a *per se* rule prohibiting such conduct in all

cases.  Accordingly, we affirm the district court's decision denying Young's motion

for partial summary judgment.

2.  Young contends that the district court erred in striking the class allegations

from her complaint.  Under Federal Rule of Civil Procedure 23, to certify a class, a

plaintiff must satisfy all of the requirements of Rule 23(a) and also satisfy one of the

requirements of Rule 23(b).  Relevant to the instant case, Rule 23(b)(3) contains a

predominance requirement, that is, a requirement that common questions of law and

fact predominate over individualized issues, and a requirement that the class action

be the superior method by which to resolve the claims of the putative class members.

*See* Fed. R. Civ. P. 23(b)(3).

Because Young's *per se* state-law violation theory fails, we hold that the district

court did not err by concluding that Young cannot demonstrate predominance.  The

question whether an insurer has violated state law by suspending PIP payments in a

particular case is fact-bound and turns on the jury's evaluation of the circumstances

of that case.    Individualized issues, not common questions of law and fact,

predominate.  Accordingly, the district court did not err when it struck Young's class allegations from her complaint.  We affirm that decision.

3.  Finally, Young objects to the district court's decision denying her motion to strike Standard's offer of judgment under Federal Rule of Civil Procedure 68. Based on the offer of judgment, the district court awarded Standard its fees and costs after the jury awarded Young a sum smaller than Standard had offered.[3]

The district court did not abuse its discretion.  Because the district court did not err in denying Young's motion for partial summary judgment and striking her class allegations, the case was properly an individual action at the time the court denied the motion to strike the offer of judgment.  As a result, there were no class-wide interests against which Young's personal interests could be pitted.  And the offer of judgment complied in all respects with Rule 68.  The district court therefore did not err in implementing Rule 68 according to its terms.  We affirm that decision as well.

**AFFIRMED**.

---

[3] Young does not challenge the district court's determination that the judgment she obtained was "not more favorable than the unaccepted offer." *See* Fed. R. Civ. P. 68(d).